# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>IFC CREDIT CORPORATION<br><br>Debtor. | Chapter 7<br><br>Case No. 09-B-27094<br><br>Hon. Jacqueline P. Cox |

**STIPULATION RESOLVING OBJECTION OF FP HOLDINGS, INC., FIRST PORTLAND CORPORATION, FPC FUNDING II, LLC AND PIONEER CAPITAL CORPORATION OF TEXAS TO NOTICE OF DISPOSITION PURSUANT TO THE FINAL AGREED ORDER AUTHORIZING USE OF CASH COLLATERAL AND DISPOSITION OF CERTAIN PROPERTY, PROVIDING ADEQUATE PROTECTION AND GRANTING OTHER RELIEF TO WEST SUBURBAN BANK**

David P. Leibowitz, not individually, but solely as the chapter 7 trustee ("Trustee") of the estate of IFC Credit Corp., FP Holdings, Inc. ("FP Holdings"), First Portland Corporation ("FPC"), FPC Funding II, LLC ("FPC II"), Pioneer Capital Corporation of Texas ("Pioneer" and together with FP Holdings, FPC and FPC II, the "FP Entities"), and West Suburban Bank ("WSB") hereby stipulate to the resolve the Objection of the FP Entities to the Notice of Disposition Pursuant to the Final Agreed Order Authorizing Use of Cash Collateral and the Disposition of Certain Property, Providing Adequate Protection and Granting Other Relief to West Suburban Bank filed on May 10, 2010 [Docket No. 708] ("Objection"), as follows:

1. The FP Entities hereby withdraw their Objection to the *Notice of Disposition Pursuant to the Final Agreed Order Authorizing Use of Cash Collateral and the Disposition of Certain Property, Providing Adequate Protection and Granting Other Relief to West Suburban Bank* [Docket No. 647] (the "Notice of Disposition").

2. Notwithstanding any language to the contrary in the Notice of Disposition, the Trustee shall not use and/or dispose of any Cash Collateral collected by the Trustee after March

17, 2010.  Before using and/or disposing of any Cash Collateral collected by the Trustee after March 17, 2010, the Trustee shall file a new Disposition Notice in accordance with Paragraph 5.a of the *Final Agreed Order Authorizing Use of Cash Collateral and the Disposition of Certain Property, Providing Adequate Protection and Granting Other Relief to West Suburban Bank* [Docket No. 612] (the "Cash Collateral Order").[1]

       2.      On or before May 28, 2010, the Trustee shall provide to FPC, but only to the extent he or his estate have actual possession of the following documents: (a) the specific data fields, as may be mutually agreed between FPC and the Trustee, contained in the Debtor's LeasePlus database relating to active leases, exported into Microsoft Excel format; (b) the Debtor's state income tax returns; (c) the Debtor's state and municipal personal property tax returns; and (d) the Debtor's state and municipal sales and use tax returns.  Additionally, within ten (10) days of the Trustee's receipt of documents from BDO Seidman, LLP ("BDO") in response to the Subpoena for Rule 2004 Examination dated May 17, 2010, the Trustee shall provide to FPC all documents that the Trustee receives from BDO, except those to which the Trustee asserts a good faith objection or claim of privilege, and as to those documents subject to a claim of privilege, the Trustee shall provide to FPC a privilege log identifying each document for which a privilege is claimed, the privilege claimed, and the basis for the claim of privilege.  If the production from BDO is voluminous, the Trustee shall be given a reasonable extension of time to comply with the foregoing deadline, provided, however, that no evidentiary hearing shall be held regarding the ownership of the Leases prior to the production of the BDO documents to FPC.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Notice of Disposition or Cash Collateral Order.

3. In the event that the FP Entities, obtain by judgment, declaration, or any other form of relief a determination that one or more of the FP Entities owns any of the leases listed on Exhibit A to the Notice of Disposition (the "Leases"), then (i) the Trustee shall first use Cash Collateral from those leases listed on Exhibit A to the Notice of Disposition in which the FP Entities have no claim of ownership or other interest, or have been determined to have no such ownership or other interest, to satisfy expenses of the bankruptcy estate per the Cash Collateral Order; (ii) to the extent Cash Collateral is used from Leases in which any FP Entity has an ownership or other interest superior to all interests asserted by the Trustee or any other party ("Superior Interest"), grant that FP Entity a superpriority administrative claim under § 507(b) of the Bankruptcy Code ("§ 507(b) Claim"), subject to the Carve-Out granted by WSB, provided however, that no Cash Collateral from Leases in which an FP Entity is determined to have a Superior Interest, shall be used to pay for any action against any FP Entity or any of their agents, or to challenge the claims or positions of the FP Entities (including the validity of that certain Uniform Commercial Code public sale of the stock of FP Holdings, Inc. and Pioneer Capital Corporation of Texas), or in defending that certain adversary proceeding filed by the FP Entities against the Trustee, identified by Adversary Number 10-00453.

4. In the event that (i) the enforcement by the FP Entities of any § 507(b) Claim result in a party that has received payment from the estate of an allowed administrative expense being required by order of the Court to disgorge such payment, and (ii) the estate has no other funds with which to repay to such party the amount disgorged, then WSB shall make a loan to the estate in the amount disgorged, which loan shall be a superpriority administrative claim with the same priority as the § 507(b) Claim of the FP Entities that required the disgorgement. Any amount lent by WSB pursuant to this paragraph shall be used by the estate solely to replace any

payment of an allowed administrative claim to the extent such payment was disgorged in connection with Trustee's payment of a § 507(b) Claim of the FP Entities. In no event shall the amount lent by WSB under this paragraph exceed 70% of the total amounts collected by the Trustee under the Disposition Formula as defined in that Final Agreed Order Authorizing Use Of Cash Collateral And The Disposition Of Certain Property, Providing Adequate Protection And Granting Other Relief To West Suburban Bank.

**IN WITNESS WHEREOF**, the parties have caused this Stipulation to be executed by themselves, or their respective duly authorized agents or officers, as of this 26th day of May, 2010.

| | |
|---|---|
| David P. Leibowitz, not individually, but solely as the chapter 7 trustee of the estate of IFC Credit Corp. | FP Holdings, Inc., First Portland Corporation, FPC Funding II, LLC and Pioneer Capital Corporation of Texas |
| By:  /s/ Allen J. Guon  <br>  One of His Attorneys | By:   /s/ Gregory E. Ostfeld  <br>  One of Their Attorneys |

West Suburban Bank

By:  /s/ William J. Barrett
   One of Its Attorneys

{7198 STI A0262343.DOC}                              4