UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| IFC Credit Corporation, | ) | 09 B 27094 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date: July 26, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

## NOTICE OF MOTION

TO:    See Attached Service List

**PLEASE TAKE NOTICE** that on **July 26, 2012 at 10:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jacqueline Cox,** in Courtroom 680, the room usually occupied by her as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **First and Final Application for Allowance of Compensation by Johnson Legal Group, LLC, Counsel to David P. Leibowitz, Chapter 7 Trustee for the Debtor's Estate**, pursuant to which JLG seeks compensation in the amount of $15,174.00 for the period of July 27, 2009 through July 26, 2012.

**PLEASE TAKE FURTHER NOTICE** that any creditor or party in interest may appear at the hearing if he or she sees fit to appear.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Application may be continued from time to time, as necessary, without further written notice.

/s/ Cindy M. Johnson

Cindy M. Johnson
Johnson Legal Group, LLC
39 S. LaSalle St., Suite820
Chicago, Illinois 60603
(312) 345-1306

## CERTIFICATE OF SERVICE

I, Cindy M. Johnson, an attorney, certify that I caused to be served true and correct copies of the foregoing notice and motion to which it refers to the persons listed on the attached service list via electronic mail at or before 5:00 p.m. on July 5, 2012.

/s/ Cindy M. Johnson

# IN RE: IFC CREDIT CORPORATION
# E-MAIL SERVICE LIST

**Trustee**
David P. Leibowitz
Carrie A Zuniga
420 W. Clayton St.
Waukegan, IL 60085
dpl@lakelaw.com
czuniga@lakelaw.com

**Bankruptcy Counsel to the Trustee**
Jonathan T. Brand
Lakelaw
53 W. Jackson Blvd., Ste. 1337
Chicago, IL 60604
jbrand@lakelaw.com

**Special Counsel to the Trustee**
Ira Bodenstein
Allen J. Guon
Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 N. Clark St., Ste. 800
Chicago, IL 60654
ibodenstein@shawgussis.com
aguon@shawgussis.com

**IFC Credit Corp.**
William Purcell
Rebecca Elli
IFC Credit Corporation
191 Waukegan Road, Suite 315
Northfield, IL 60093
bill@wmpurcell.com
relli@ifccredit.com

**Office of the U.S. Trustee**
Jeffrey Snell
Office of the U.S. Trustee
219 S. Dearborn St., Ste. 873
Chicago, IL 60604
Jeffrey.Snell@usdoj.gov

**Counsel for the Debtor**
Cindy M. Johnson
John M. Holowach
Johnson Legal Group, LLC
39 S. LaSalle St., Ste. 820
Chicago, IL 60603
cjohnson@jnlegal.net
JHolowach@JNLegal.net

**Counsel for W. Suburban Bank**
William J. Barrett
Barack Ferrazzano Kirschbaum
& Nagelberg LLP
200 W. Madison St., Ste. 3900
Chicago, IL 60606
william.barrett@bfkn.com
alexis.gabay@bfkn.com

**Counsel for DZ Bank**
Richard G. Smolev
Jason J. Ben
Andrea Johnson Frost
Kaye Scholer, LLC
70 W. Madison St., Ste. 4100
Chicago, IL 60602
jben@kayescholer.com
rsmolev@kayescholer.com
afrost@kayescholer.com

**Counsel for Askounis & Darcy, PC**
Thomas V. Askounis
Alex Darcy
C. Randall Woolley, Esq.
Askounis & Darcy, PC
401 N. Michigan Ave., Ste. 550
Chicago, IL 60611
taskounis@askounisdarcy.com
adarcy@askounisdarcy.com
rwoolley@askounisdarcy.com

**Counsel for Ben Franklin Bank of IL**
Carly Berard
Rock Fusco, LLC
321 N. Clark St., Ste. 2200
Chicago, IL 60654
cberard@rockfuscollc.com

**Counsel for First Chicago Bank & Trust Co.**
John P. Sieger
Paige E. Barr
William J. Dorsey
Katten Muchin Rosenman LLP
525 W. Monroe St.
Chicago, IL 60661
paige.barr@kattenlaw.com
john.sieger@kattenlaw.com
william.dorsey@kattenlaw.com

**Counsel for U.S. Bank N.A.**
Francis X. Buckley
Thompson Coburn Fagel Haber
55 E. Monroe, 37th Floor
Chicago, IL 60603
fxbuckleyjr@thompsoncoburn.com

J. Alexandra Rhim
Buchalter Nemer
1000 Wilshire Blvd., Ste. 1500
Los Angeles, CA 90017
arhim@buchalter.com

**Counsel for FirstMerit Bank N.A.**
Courtney E. Barr
Locke Lord Bissell & Liddell LLP
111 S. Wacker Dr.
Chicago, IL 60606
cbarr@lockelord.com

William J. Factor
Sara E. Lorber
Law Office of William J. Factor, Ltd.
1363 Shermer Rd., Ste. 224
Northbrook, IL 60062
wfactor@wfactorlaw.com
slorber@wfactorlaw.com

**Counsel for Greenwich Ins. Co.**
Christopher H. White
Troutman Sanders, LLP
55 W. Monroe St., Ste. 3000
Chicago, IL 60603
christopher.white@troutmansanders.com

**Counsel for Barclays Capital Real Estate Inc.**
Barbara J. Dutton
Dutton & Dutton, P.C.
10325 W. Lincoln Hwy.
Frankfort, IL 60423
duttonlaw@aol.com
lisar@duttonlaw.com

**Counsel for Arthur Levinson, Leonard Ludwig and First Portland Corporation**
Matthew Gensburg
Gregory E. Ostfeld
Greenberg Traurig, LLC
77 W. Wacker Dr., Ste. 3100
Chicago, IL 60601
gensburgm@gtlaw.com
ostfeldg@gtlaw.com

**Counsel for Blue Dot Financial, LLC; Marcus P. Davia; Kyong Dong Industry Co.; Tri-State Pump, Inc.;**
Tak Byun
Adam Goodman
Goodman Law Offices, LLC
105 W. Madison St., Ste. 400
Chicago, IL 60602
adam@thegoodmanlawoffices.com

Jessica Tovrov
Tovrov Law Offices, LLC
105 W. Madison St., Ste. 400
Chicago, IL 60602
jessica@tovrovlaw.com

**The Garden City Group, Inc.**
Emily S. Gottlieb
Jeff Miller
190 S. LaSalle Street, Ste. 1520
Chicago, IL 60603
emily_gottlieb@gardencitygroup.com
Jeffrey.miller@gardencitygroup.com

**Counsel for Worldwide Export, Inc.**
Daniel T. Graham
Funkhouser Vegosen Liebman & Dunn Ltd.
55 W. Monroe St., Ste. 2300
Chicago, IL 60603
dgraham@fvldlaw.com

**Counsel for Coactiv Capital Ptrs., Inc.**
Denise Lazar
David P. Vallas
Joy L. Monahan
Wildman Harrold Allen & Dixon LLP
225 W. Wacker Dr., Ste. 2800
Chicago, IL 60606
vallas@wildman.com
lazar@wildman.com
Monahan@wildman.com

Inez M. Markovich
Chris Limbach
Deeb Petrakis Blum & Murphy
1601 Market St.
Philadelphia, PA 19103
imarkovich@dpattorneys.com

**Counsel for Jefferson Business Interiors**
Jefferson Business Interiors
David O. Yuen
Tressler LLP
233 S. Wacker Dr., 22nd Floor
Chicago, IL 60606
dyuen@tresslerllp.com
jborcia@tresslerllp.com

**Counsel for Northside Community Bank**
Thomas J. Magill
Lauren N. Nachinson
Quarles & Brady LLP
300 N. LaSalle St., Ste. 4000
Chicago, IL 60654
tjm@quarles.com
lauren.nachinson@quarles.com

**Counsel for VV Ventures, LLC**
Michael J. Small
Robert S. Bressler
Foley & Lardner LLP
321 N. Clark St., Ste. 2800
Chicago, IL 60654
msmall@foley.com
rbressler@foley.com

**Counsel for Manufacturers & Traders Trust Company**
Jim Noonan, Esquire
Noonan & Lieberman, Ltd.
105 W. Adams
Suite 1100
Chicago, IL 60603
jnoonan@noonanandlieberman.com

**Counsel for Susquehanna Comm. Finance, Inc.**
Mitchell A. Lieberman
Noonan & Lieberman Ltd.
105 W. Adams St., Ste. 3000
Chicago, IL 60603
mlieberman@noonanandlieberman.com

**Counsel for Alex and Sally Nichols**
Gini S. Marziani
Champ W. Davis
Davis McGrath, LLC
125 S. Wacker Dr., #1700
Chicago, IL 60606
gsmarziani@davismcgrath.com
cdavis@davismcgrath.com

**Counsel for Party Home Bank of Arkansas**
Kevin T. Keating
Kelly J. McClintic
Keating & Shure, Ltd.
55 W. Monroe, Ste. 1600
Chicago, IL 60603
kkeating@keatingshure.com
kmcclintic@keatingshure.com

**Counsel for George Washington Savings Bank**
Alexander Terras
Ann E. Pille
Reed Smith LLP
10 S. Wacker Dr., Ste. 4000
Chicago, IL 60606
aterras@reedsmith.com
apille@reedsmith.com

**Counsel for Treasurer of Arapahoe County Colorado**
George Rosenberg
Assistant Arapahoe County Attorney
5334 S. Prince St.
Littleton, CO 80166
grosenberg@co.arapahoe.co.us

**Counsel for Devon Bank**
Ernest D. Simon
105 W. Adams, Ste. 1400
Chicago, IL 60603
esimon@erniesimon.com

**Counsel for Manufacturers & Traders Trust Company**
Deirdre M. Richards
Lamm Rubenstone LLC
3600 Horizon Blvd., Ste. 200
Trevose, PA 19053
drichards@lammrubenstone.com

**Counsel for Travelers Cas. and Sur. Co. of America**
Stephen D. Oppenheim
Claim Counsel
Travelers
One Tower Square-S102 A
Hartford, CT 06183
SDOPPENH@travelers.com

**Counsel for Krueger Intl. Inc.**
Robert M. Charles
Liebmann, Conway, Olejniczak & Jerry, S.C.
P.O. Box 232200
Green Bay, WI 54305-3200
rmc@lcojlaw.com

**Counsel for Katy ISD, Jasper County, Wharton County, Consolidated Tax Collections of Washington County, Montgomery County, Liberty County, Cypress-Fairbanks ISD, Angelina County, Harris County, Fort Bend County, Galveston County**
John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064
houston_bankruptcy@publicans.com

**Counsel for Weir & Partners LLP**
Marc J. Zucker
Susan Verbonitz
Weir & Partners LLP
Widener Bldg., Ste. 500
Philadelphia, PA 19107
mzucker@weirpartners.com
sverbonitz@weirpartners.com

**Counsel for Lakeland Bank**
Joseph M. Cerra
William L. Waldman
80 Route 4 East, Ste. 290
Paramus, NJ 07652
Jcerra@formanlaw.com
wwaldman@formanlaw.com

Mark Leipold
Gould & Ratner
222 North LaSalle Street
Suite 800
Chicago, IL 60601
mleipold@gouldratner.com

**Counsel for Aldine Independent School District**
Susan R. Fuertes
14910 Aldine-Westfield Rd.
Houston, TX 77032
bnkatty@aldine.k12.tx.us

**Counsel for IBM**
Beverly H. Shideler
Two Lincoln Centre
Oakbrook Terrace, IL 60618
bhshide@us.ibm.com

**Counsel for Almcoe Refrigeration Company**
Mark Stromberg
Brett S. Field
Stromberg Stock
5420 LBJ Frwy
Dallas, TX 75240
Mark@strombergstock.com
brett@strombergstock.com

Jerry L. Switzer, Jr.
Jason L. Pyrz
Polsinelli Shughart, P.C.
161 N. Clark St., Ste. 4200
Chicago, IL 60601
jswitzer@polsinelli.com
jpyrz@polsinelli.com

**Counsel for Citizens First National Bank**
L. Judson Todhunter
200 South Michigan Ave., Ste. 1100
Chicago, IL 60604-2401
JTodhunter@howardandhoward.com

**Counsel for Richardson I.S.D.**
Elizabeth Banda Calvo
Perdue, Brandon, Fielder, Collins & Mott L.L.P
P.O. Box 13430
Arlington, TX 76094-0430
ebcalvo@pbfcm.com

**Counsel for RBS Asset Finance, Inc.**
Jeffrey D. Ganz
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts, 02108
jganz@riemerlaw.com

**Counsel for TCG Packaging Services, Inc.**
Tomas C. Wolford
Mark A. Berkoff
Neal Gerber & Eisenberg LLP
2 North LaSalle Street, Suite 1700
Chicago, IL 60602
twolford@ngelaw.com
mberkoff@ngelaw.com

**Counsel for Victoria County**
Diane W. Sanders
Linebarger Goggan Blair & Sampson, LLP
P.O. Box 17428
Austin, TX 78760
austin.bankruptcy@publicans.com

**Counsel for Maricopa County**
Barbara Lee Caldwell
Caldwell Padish & Wells
7333 E. Doubletree Ranch Road, Suite 255
Scottsdale, AZ 85258
Bcaldwell@cpwlawyers.com

**Counsel for Broward County**
**Government Center**
Holly N. Hawn, Assistant County Attorney
Jeffrey J. Newton
County Attorney for Broward County
Government Center
115 South Andrews Avenue
Fort Lauderdale, FL 33301
Hhawn@broward.org

Mike Olson, Tax Collector
Pasco County Florida
Post Office Box 276
Dade County, FL 33526-0276
jcardillo@pascotaxes.com

**Anderson County, et al**
c/o Michael Reed
McCreary, Veselka, Bragg & Allen, P.C.
P O Box 1269
Round Rock, TX 78680
mreed@mvbalaw.com

**Counsel for Caney Independent School District, Everman Independent School District and Copperas Cove Independent School District**
Andrew Dylan Wood
Ray, Wood, & Bonilla
P.O. Box 165001
Austin, TX 78716
dylan@rwblaw.net

**Counsel for Rudolph Trebels**
Michael J. O'Rourke
Michael C. Moody
55 W. Wacker Dr., Suite 1400
Chicago, IL 60601
morourke@orourkeandmoody.com
mmoody@orourkeandmoody.com

**Counsel for Marc Langs**
Timothy J. Touhy
Touhy, Touhy, Buehler & Williams, LLP
55 W. Wacker Dr., Suite 1400
Chicago, IL 60601
ttohy@touhylaw.com

**Counsel for Pima County**
Terri A. Roberts
Deputy County Attorney
Barbara Lawall
Pima County Attorney
32 North Stone Avenue
Suite 2100
Tucson, AZ 85701
Terri.Roberts@pcao.pima.gov

**Counsel for Claimants, County of Anderson, et al.**
Michael Reed
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, TX 78680
Mreed@mvbalaw.com

**Counsel for Carrollton-Farmers Branch Independent School District and Lewisville Independent School District**
c/o Andrea Sheehan, Esq.
Law Offices of Robert E. Luna, P.C.
441 N. Central Expressway
Dallas, Texas 75205
shehan@txschoollaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| IFC Credit Corporation, | ) | 09 B 27094 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date: July 26, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

**FIRST AND FINAL APPLICATION
FOR ALLOWANCE OF COMPENSATION BY
JOHNSON LEGAL GROUP, LLC, COUNSEL TO DAVID P. LEIBOWITZ,
CHAPTER 7 TRUSTEE FOR THE DEBTOR'S ESTATE**

Cindy M. Johnson and the law firm of Johnson Legal Group, LLC ("JLG"), applies to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), (i), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for the allowance of $15,174.00 in compensation for 65.9 hours of professional services rendered in this case for the period beginning July 27, 2009 through and including July 26, 2012 ("Application Period"). In addition, JLG requests that further notice of the hearing on this application ("Application") be waived. In support thereof, JLG states as follows:

**BACKGROUND**

1. On July 27, 2009 ("Petition Date"), IFC Credit Corporation ("IFC" or "Debtor") commenced its chapter 7 case ("Case"). The Trustee was duly appointed on the Petition Date. Debtor filed a pro se bankruptcy petition being signed and filed only by one of its corporate officers.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Johnson Legal Group, LLC was formerly known as Johnson & Newby, LLC (collectively, hereafter, referred to as "JLG").

4. On July 28 2009, the day after Debtor filed its petition, JLG filed an Amended Petition on behalf of Debtor. (Dkt. No. 6) and an appearance on behalf of Debtor (Dkt. No. 9).

5. The filing of the pro se petition led to significant hearings and litigation. Upon the running of the preference period, two creditors who had received preferences filed motions to dismiss the bankruptcy, alleging that the pro-se petition was void, and, therefore, any attempt to amend it by JLG was also void.

6. David P. Leibowitz, not personally, but as chapter 7 Trustee ("Trustee") of IFC,Trustee made every effort to have the courts uphold the validity of the filing of the original pro-se petition, as all defects in it (as being filed by a corporation pro se) were cured by JLG filing an amended petition. Trustee was successful at every step of the hearing and appellate processes. *See*, Order denying Motion to Dismiss (Dkt. No. 443), Order of District Court denying Motions for Leave to appeal that order (Dkt. No. 904 and 906), In re IFC Creditor Corporation, 663 F.3d 315 (7th Cir. 2011) - holding that the amended petition filed by JLG was sufficient to cure any defect there may have been by the filing of a pro se bankruptcy by Debtor.

7. If the bankruptcy had been dismissed, JLG was under instruction from its client to immediately file a new petition. Although the debtor would not have been harmed by this process, the estate would have been substantially harmed, as, by that time, significant monies that, under the current filing were preferences, would not have been preferences under the new filing.

8. Believing that JLG's involvement was essential for the hearings, preparation of IFC witnesses for the hearing, reviewing documents and motions filed as

relating to the hearings, and preparing a Joinder (Dkt. No. 396) to the responses filed by Trustee (Dkt. No. 359) (2) Arthur Levinson and Leonard Ludwig (Dkt. No. 354) and (3) West Suburban Bank (Dkt No. 358), Trustee requested that JLG support the petition (although the benefit of the petition remaining in place was to the estate, not the debtor). After obtaining Debtor's consent, JLG agreed.

9. JLG assisted the trustee in presenting witnesses for the hearings on this issue, filing a supporting pleading, and attending/participating in the hearings (evidentiary and non-evidentiary) on the Motions to Dismiss.

10. Additionally, Trustee retained Garden City Group (Dkt. No. 134) to prepare Debtor's schedules and statement of financial affairs, as there were thousands of creditors and transactions that needed to be disclosed.

11. Although Trustee retained Garden City Group, Trustee requested that JLG be intimately involved with Garden City Group's personnel in facilitating the preparation of those documents. Once Garden City Group was retained, JLG had no duty except to review the final draft of the schedules and statement of financial affairs and to recommend that the debtor sign them once JLG was convinced that they were accurate. JLG, however, assisted throughout the process of preparation of the documents.

12. Additionally, throughout the case, numerous creditors contacted JLG. The issues varied from trying to obtain release of paid-off leased equipment, to trying to find out why their claims had not been paid. All of the issues related to the creditors' attempts to get information about the trustee's administration of the case, and where to file proofs of claim. Again, assisting with these inquiries was not within the scope of JLG's employment as Debtor's attorney (as JLG could have just refused to assist in all such calls), yet JLG assisted the trustee and worked with Trustee's attorneys on these issues.

13. On June 28, 2012, This Court entered an order approved the employment of JLG by Trustee as counsel for Trustee, *nunc pro tunc* to the Petition Date of this Case (Dkt. No.1250).

**VALUE TO THE ESTATE OF THE ADMINISTRATIVE EXPENSE OF JLG**

14. In evaluating this Motion, this Court should consider the value of the services rendered by JLG at the request of Trustee and for the benefit of IFC's estate, the nature and complexity of the issues presented, the skill required to perform the legal services properly, the customary fees charged by other professionals in this Case and in similar cases, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases, whether viewed individually or collectively, support an award of the requested compensation in full.

15. Between July 27, 2009 and July 26, 2012 ("Motion Period"), JLG rendered in excess of 65.9 hours of legal and paraprofessional services having an aggregate value of $22,674.00 for an average hourly rate of approximately $344.06. Those services were rendered to Debtor, and, also, for the benefit of the estate and the Trustee. JLG received payment on behalf of Debtor in the amount of $7,500.00 which was disclosed to the court and creditors (Dkt. No.8).

16. JLG seeks to be paid $15,174.00 from the IFC Estate, which amount is the difference between the amount incurred for services billed in this case and the amount JLG has already received on behalf of the debtor from an officer of the debtor. Thus, JLG seeks to have $15,174.00 allowed as an administrative expense, Trustee has agreed that the value to the estate of the services performed by JLG are at least $15,174.00.

17. The hourly rates charged by JLG in this case compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the persons at JLG rendering services in

connection with this Case. Further, the amount of time spent by JLG with respect to IFC's Case is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel, and the ultimate benefit to the Estate.

18. JLG did not have multiple attorneys appear or confer in this case. In addition, JLG had directed our paralegal to NOT bill for the time she spent, and continues to spend to date, for the numerous hours of paralegal time in (a) redirecting creditors who are looking for status on when claims are to be paid to the trustee and (b) contacting creditors who have mailed their proofs of claim to our office, to explain to them where they need to file their claim and that by mailing claims to us, they have not caused the claims to be filed. Thus, the attached does not include that time, and request is being made by Trustee for an administrative expense claim for those services.

## SERVICES PERFORMED BY JLG

19. JLG keeps all of its time, in all cases (hourly, flat fee and contingency) within the ordinary course of its business. Time is put into the computer by the attorney/paralegal expending the time as the time is expended. Exhibit A was generated from JLG's timekeeping system.

20. The services are divided into four categories:

- Case Administration – this is for administrative case matters, contacts with trustee and his representatives and preparation of schedules and statement of affairs
- Defense of Dismissal—this is anything having to do with the motions to dismiss the bankruptcy case (for example review, hearings, preparation of pleadings, conferences with trustee and other creditors)
- Matters of Creditors –this is anything having to do with miscellaneous creditor contacts with our office
- Employment and Fee Applications—this is anything having to do with being retained and applications for payment of fees

21. Under the category of Case Administration, JLG rendered 44.1 hours of service for total fees of $15,336.50. A detailed listing of that time (broken down by date,

service rendered, attorney performing service, time spent, and fee billed) is attached hereto as **Exhibit A.**

22.   Under the category of Defense of Dismissal, JLG rendered 7.3 hours of service for total fees of $2,628.00. A detailed listing of that time (broken down by date, service rendered, attorney performing service, time spent, and fee billed) is attached hereto as **Exhibit B.**

23.   Under the category of Matters of Creditors, JLG rendered 7.9 hours of service for total fees of $2,807.00. A detailed listing of that time (broken down by date, service rendered, attorney performing service, time spent, and fee billed) is attached hereto as **Exhibit C.**

24.   Under the category of Employment and Fee Applications, JLG rendered 6.6 hours of service for total fees of $1,902.50. A detailed listing of that time (broken down by date, service rendered, attorney performing service, time spent, and fee billed) is attached hereto as **Exhibit D.**

### E.  SUMMARY OF PERSONNEL WHO RENDERED SERVICES AND AMOUNT OF SERVICES PERFORMED BY EACH PERSON

25.   Applicant has four professional persons who rendered legal services to the Debtor.

26.   Cindy M. Johnson ("CMJ") became licensed as an attorney in 1988. She has concentrated her practice in the areas of collection, commercial litigation and bankruptcy. She is familiar with all aspects of collection, from pre-suit through the collection of a judgment in both the state and federal courts. She also has extensive experience representing debtors, creditors and trustees in bankruptcy proceedings. From July 27, 2009 through the date of hearing of this petition, she, personally, has rendered 52.6 hours of service on behalf of the estate for which final compensation is

sought.

27. David A. Newby ("DAN") became licensed as an attorney in 1985. In his years of practice, he has concentrated in business bankruptcy and creditors' rights. He has represented clients in these fields at all levels of the state and federal courts in Chicago and around the United States. From July 27, 2009 through April of 2010 when he left the firm, he, personally, has rendered 1.7 hours of service on behalf of the Trustee for which final compensation is sought.

28. John M. Holowach ("JMH") became licensed as an attorney in 2008. Before coming to Applicant, he concentrated his practice in consumer debtor bankruptcy. He came to Johnson Legal Group, LLC to broaden his bankruptcy practice to creditor and trustee representation as well. From October 20, 2009 through the date he left the Johnson Legal Group, LLC, he personally, had rendered 11.1 hours of service on behalf of the estate for which final compensation is sought.

29. Paralegal, Ryen Jeffries (listed on time sheets as "PL") has been with the firm since October 2008. She obtained her associates degree in paralegal studies and her paralegal certificate in November 2008. From July 27, 2009 through July 27, 2012, she, personally, has rendered .5 hours of service on behalf of the estate for which final compensation is sought.

## COMPLIANCE WITH 11 U.S.C. § 331

30. Pursuant to Section 331 of the Bankruptcy Code, a professional person employed under section 327 of title 11 "may apply to the court not more than once every 120 days after an order for relief in a case" under title 11. 11 U.S.C. § 331.

31. This is JLG's first and final application for compensation. As of the date of this Application, approximately two years have passed since the Petition Date.

32. Therefore, JLG is well within the bounds of Section 331 of the Bankruptcy Code.

## **COMPLIANCE WITH 11 U.S.C. § 504**

33. The only agreement for payment of JLG's fees, other than as provided for and allowed by 11 U.S.C. § 504, is that on officer of Debtor paid, on behalf of Debtor, a $7,500.00 flat fee for the services that were rendered to the debtor for JLG's representation of Debtor. JLG does not seek compensation from the estate for $7,500.00 in value of its services since it has already received that amount toward its fees.

## **NOTICE**

34. Notice of this Motion has been provided to the Trustee, the U.S. Trustee, and other parties in interest entitled to notice thereof. Based on the extent of notice already provided, and the costs and burdens of transmitting notice to all of IFC's creditors, JLG respectfully requests that additional notice of the hearing on this Motion be waived for good cause shown pursuant to Rules, and 9007 of the Federal Rules of Bankruptcy Procedure.

35. JLG requests, pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure that the time required for any notices be reduced by this Court to the notice given.

WHEREFORE, Cindy M. Johnson and Johnson Legal Group, LLC request the entry of an order that:

(a) Allows an administrative expense to Johnson Legal Group, LLC in the amount of $15,174.00;

(b) Authorizes the estate to pay $15, 174.00 to Johnson Legal Group, LLC as an administrative expense;

(c) Waives other and further notice of the hearing with respect to this Motion; and

(d) Provides JLG with such additional relief as may be appropriate and just under the circumstances.

        Respectfully Submitted,
        JOHNSON LEGAL GROUP, LLC,


      BY:_____/s/ Cindy M. Johnson___
        An attorney with the firm

Cindy M. Johnson
Johnson Legal Group, LLC
39 S. LaSalle Street, Suite 820
Chicago, Illinois 60603
(312) 345-1306