# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>IFC CREDIT CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 09 B 27094<br><br>Hon. Jacqueline P. Cox<br><br>Hearing Date: May 22, 2014<br>Hearing Time: 10:30 a.m. |

## NOTICE OF MOTION

TO:   See Attached Certificate of Service

   PLEASE TAKE NOTICE that on **May 22, 2014** at **10:30 a.m.**, the undersigned shall appear before the Honorable Jacqueline P. Cox, in Courtroom 619, 219 South Dearborn Street, Chicago, Illinois, and then and there present **Trustee's Motion to Approve Settlement and Release Agreements Related to Equipment Leases with Great Lakes Dredge & Dock Company,** a copy of which is attached and herewith served upon you.

   **AT WHICH TIME AND PLACE** you may appear if you so see fit.

                                    Respectfully submitted,

                                    David P. Leibowitz, chapter 7 trustee to the estate of
                                    IFC Credit Corporation

Dated May 9, 2014          By:   */s/ Allen J. Guon*
                                    One of his attorneys

Ira Bodenstein (#3126857)
Allen J. Guon (#6244526)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151 telephone

{7198 MOT A0374522.DOC}

# CERTIFICATE OF SERVICE

Allen J. Guon certifies that service of the above and foregoing and attached was accomplished through the Electronic Notice for Registrants for the attached CM/ECF service list and as otherwise indicated, on May 9, 2014.

/s/ Allen J. Guon

Mailing Information for Case 09-27094

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Janice A Alwin    janice@oakpointpartners.com, jake@oakpointpartners.com;david@oakpointpartners.com
- Deborah S Ashen    dsa@ashenlaw.com
- Thomas V Askounis    taskounis@askounisdarcy.com, akapai@askounisdarcy.com
- Terence G Banich    tbanich@shawfishman.com, kbobb@shawfishman.com
- Paige E Barr    paige.barr@kattenlaw.com
- William J. Barrett    william.barrett@bfkn.com
- Jason J Ben    jben@kayescholer.com
- Richard M Bendix    rbendix@dykema.com, nrakunas@dykema.com
- Carly Berard    cberard@rockfuscollc.com
- Mark A Berkoff    mberkoff@ngelaw.com, cdennis@ngelaw.com,ecfdocket@ngelaw.com,mmirkovic@ngelaw.com
- Corey S Berman    cwcsb1@sbcglobal.net
- Lauren N. Beslow    Lauren.Beslow@quarles.com, Faye.Feinstein@quarles.com
- Ira Bodenstein    ibodenstein@shawfishman.com, cowens@shawfishman.com
- Jonathan T Brand    jbrand@lakelaw.com, ECF@lakelaw.com
- Jonathan T Brand    jbrand@lakelaw.com, ECF@lakelaw.com
- Francis X Buckley    fxbuckleyjr@thompsoncoburn.com, aversis@thompsoncoburn.com
- Ben T Caughey    ben.caughey@icemiller.com
- Ben T Caughey    ben.caughey@icemiller.com
- Christine L Childers    cchilders@jenner.com, docketing@jenner.com;aallen@jenner.com
- Robert Clark    rclark@douglas.co.us
- John Collen    jcollen@salawus.com, jadams@salawus.com;rneace@salawus.com
- Daniel Collins    dcollins@dresslerpeters.com
- Francisco Connell    fconnell@chuhak.com, hcummins@chuhak.com
- Mark D Conzelmann    mconzelmann@tresslerllp.com, chicagodocket@tresslerllp.com
- Mark D Conzelmann    mconzelmann@tresslerllp.com, chicagodocket@tresslerllp.com
- Monette W Cope    ecfnil@weltman.com
- Alex Darcy    adarcy@askounisdarcy.com
- Alex Darcy    adarcy@askounisdarcy.com
- Carrie E Davenport    cdavenport@shawfishman.com, kbobb@shawfishman.com

- Carrie E Davenport    cdavenport@shawfishman.com, kbobb@shawfishman.com
- Carrie E Davenport    cdavenport@shawgussis.com, kbobb@shawfishman.com
- Joseph S Davidson    jdavidson@wirbickilaw.com
- Maria A Diakoumakis    mdiakoumakis@dykema.com, DocketCH@dykema.com
- Sara H Doran    sara.doran@troutmansanders.com
- William J Dorsey    william.dorsey@kattenlaw.com, janice.mueller@kattenlaw.com;ecfdocket@kattenlaw.com
- David R Doyle    ddoyle@shawfishman.com, kjanecki@shawfishman.com
- Barbara J Dutton    duttonlaw@aol.com, ecfdesk@duttonlaw.com
- John Eggum    jeggum@fgppr.com
- Nancy G Everett    neverett@winston.com, ECF_Bank@winston.com
- William J Factor    wfactor@wfactorlaw.com, wfactorlaw@gmail.com;gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;wfactor@ecf.inforuptcy.com
- Marc Ira Fenton    mfenton@statmanharris.com
- Brett S Field    brett@strombergstock.com
- Jeffrey W Finke    jwfinke@mindspring.com
- Jeffrey D Ganz    jganz@riemerlaw.com, saguado@riemerlaw.com
- Matthew T. Gensburg    gensburgm@gtlaw.com, chidocket@gtlaw.com;ChiBkyDocket@gtlaw.com;greenbergc@gtlaw.com;sullivanka@gtlaw.com
- Douglas C. Giese    dgiese@querrey.com, dcgiese@hotmail.com
- Adam B Goodman    adam@thegoodmanlawoffices.com
- Emily S. Gottlieb    emily_gottlieb@gardencitygroup.com, paul.kinealy@gardencitygroup.com;PACERTeam@gardencitygroup.com
- Gordon E. Gouveia    ggouveia@shawfishman.com, mwestbrook@shawfishman.com;kjanecki@shawfishman.com
- Nicholas A Gowen    gowen@sw.com, miner@sw.com;central@sw.com;swcourts@yahoo.com
- Daniel T. Graham    dgraham@clarkhill.com, tcumpton@clarkhill.com
- Allen J Guon    aguon@shawfishman.com, cowens@shawfishman.com
- Allen J Guon    aguon@shawfishman.com, cowens@shawfishman.com
- John W Guzzardo    jguzzardo@shawfishman.com, jhampton@shawfishman.com
- John M Holowach    jholowach@jmhlegalgroup.com, bankruptcy@rjlegalgroup.com
- Stephanie K. Hor-Chen    schen@vedderprice.com, ecfdocket@vedderprice.com
- John N Hourihane    jhourihane@mhlitigation.com, jbyczek@mhlitigation.com;jscheid@mhlitigation.com
- Maysoun B Iqal    miqal@costonlaw.com
- Cindy M. Johnson    cjohnson@jnlegal.net, KLindsey@jnlegal.net
- Lisa D. Johnson    ljohnson740@gmail.com
- Andrea Johnson Frost    andrea.frost@kayescholer.com
- Georgia L. Joyce    gjoyce@cmn-law.com, jpalm@cmn-law.com
- Cameron W Kinvig    ckinvig@hunton.com, creeves@hunton.com;telgie@hunton.com
- Gina B Krol    gkrol@cohenandkrol.com, gkrol@cohenandkrol.com;pmchugh@cohenandkrol.com;jneiman@cohenandkrol.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

{7198 MOT A0374522.DOC}    3

- David P Leibowitz    dleibowitz@lakelaw.com, czuniga@lakelaw.com;jstorer@lakelaw.com;ECF@lakelaw.com
- David P Leibowitz    dleibowitz@lakelaw.com, il64@ecfcbis.com;ECF@lakelaw.com;dl@trustesolutions.com;dl@trustesolutions.net
- Mark E Leipold    mleipold@gouldratner.com, srodriguez@gouldratner.com;lgray@gouldratner.com
- Mitchell Lieberman    mlieberman@noonanandlieberman.com, igarza@noonanandlieberman.com
- Thomas J Magill    tom.magill@quarles.com, laura.belmonte@quarles.com
- Inez M Markovich    imarkovich@dpattorneys.com, climbach@dpattorneys.com;afederer@dpattorneys.com
- Gini S. Marziani    gsmarziani@davismcgrath.com, mjoseph@davismcgrath.com,lmiller@davismcgrath.com
- Kelly J McClintic    kmcclintic@keatingshure.com, smcclintic@keatingshure.com
- Jenny R McGovern    jmcgovern@mcdonaldhopkins.com, smcdonald@mcdonaldhopkins.com;lburrell@mcdonaldhopkins.com
- Tyler Steven Mertes    tyler.mertes@troutmansanders.com, cynthia.duran@troutmansanders.com
- Kristin T Mihelic    kmihelic@formanlaw.com
- Joy L Monahan    jmonahan@edwardswildman.com, ksoto@edwardswildman.com
- Michael C. Moody    mmoody@orourkeandmoody.com, firm@orourkeandmoody.com,morourke@orourkeandmoody.com
- Kevin H Morse    khmorse@arnstein.com
- Lauren N. Nachinson    Lauren.Nachinson@quarles.com, Faye.Feinstein@quarles.com
- Elizabeth A Neary    ean@ghnlawyers.com
- Stephen C Needham    sneedham@noonanandlieberman.com, igarza@noonanandlieberman.com;ccocanig@noonanandlieberman.com
- Bradley P Nelson    nelson@sw.com, central@sw.com;riley@sw.com;swcourts@yahoo.com
- Karen Newbury    knewbury@schiffhardin.com, edocket@schiffhardin.com;rkaferly@schiffhardin.com
- Prince Njoku    pnjoku@dykema.com
- David J Novotny    dnovotny@cmn-law.com, lmickolayck@cmn-law.com
- Michael J O'Rourke    morourke@orourkeandmoody.com, firm@orourkeandmoody.com
- Michael J O'Rourke    morourke@orourkeandmoody.com, firm@orourkeandmoody.com
- Gregory E Ostfeld    ostfeldg@gtlaw.com
- Gregory E Ostfeld    ostfeldg@gtlaw.com
- Ethan Ostrow    ostrowe@gtlaw.com
- Ann E Pille    ann.pille@dlapiper.com, apille@reedsmith.com
- Terri A Roberts    pcaocvbk@pcao.pima.gov
- Jeffrey B Rose    jrose@tishlerandwald.com, bmurzanski@tishlerandwald.com
- George Rosenberg    grosenberg@co.arapahoe.co.us
- Kevin G Schneider    kschneider@ngelaw.com, ecfdocket@ngelaw.com;mmirkovic@ngelaw.com
- Marylynne Schwartz    mschwartz@shawgussis.com
- John P Sieger    john.sieger@kattenlaw.com

- Ernest D Simon    esimon@erniesimon.com
- James L Simon    jsimon@lakelaw.com
- George J. Spathis    gspathis@hmblaw.com, lvalenti@hmblaw.com,kbates@hmblaw.com,bkatranis@hmblaw.com
- Jeffrey Spector    jeff.spector@clientservices.com
- Jerry L Switzer    jswitzer@polsinelli.com, chicagodocketing@polsinelli.com
- Howard Teplinsky    hteplinsky@beermannlaw.com
- Pia N Thompson    pthompson@gouldratner.com, bburns@gouldratner.com
- L. Judson Todhunter    JTodhunter@howardandhoward.com
- Timothy Touhy    ttouhy@touhylaw.com, pkilby@touhylaw.com;srobinson@touhylaw.com;asanchez@touhylaw.com
- Jessica Tovrov    jessica@tovrovlaw.com
- John J Turner    jturner@lovjc.com
- David P. Vallas    dvallas@polsinelli.com
- Bruce L Wald    bwald@tishlerandwald.com
- Christopher H White    christopher.white@troutmansanders.com, audrey.minglin@troutmansanders.com
- Michael I. White    mwhit1967@aol.com
- Collin B Williams    williamsco@gtlaw.com, ChiBkyDocket@gtlaw.com
- Thomas C. Wolford    twolford@ngelaw.com, ecfdocket@ngelaw.com;mmirkovic@ngelaw.com
- Charles R Woolley    rwoolley@askounisdarcy.com
- David O. Yuen    dyuen@tresslerllp.com, jborcia@tresslerllp.com;tresslerdocket@tresslerllp.com
- Carrie A Zuniga    czuniga@lakelaw.com
- Bruce E de'Medici    bdemedici@gmail.com
- 

**Via Fed-Ex**

Ben T. Caughey
Ice Miller LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200

John J. Hall
Lewis Rice
600 Washington Avenue, Suite 2500
St. Louis, MO  63101-1311

**Via Messenger**

Ann Pille
Reed Smith LLP
10 South Wacker Drive, Suite 4000
Chicago, IL  60606

Gregory E. Ostfeld
Greenberg Taurig LLP
77 West Wacker Drive, Ste. 3100
Chicago, IL  60601

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>IFC CREDIT CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 09 B 27094<br><br>Hon. Jacqueline P. Cox<br><br>Hearing Date: May 22, 2014<br>Hearing Time: 10:30 a.m. |

### TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENTS RELATED TO EQUIPMENT LEASES WITH GREAT LAKES DREDGE & DOCK COMPANY

David P. Leibowitz (the "Trustee"), not individually, but as the chapter 7 trustee for the estate of IFC Credit Corporation, pursuant to 11 U.S.C. § 363(b) and 725[1] and Fed. R. Bankr. P. 2002(a)(3), 9006(c), 9007 and 9019(a), hereby moves for entry of an order: (i) approving the compromise and settlement (the "Settlement Agreement," attached hereto as Exhibit A) between the Trustee and the First Bank & Trust ("First Bank"); (ii) approving the Payment and Release Agreement (the "Great Lakes Release Agreement," attached hereto as Exhibit B) between the Trustee, First Bank, Great Lakes Dredge & Dock Company ("Great Lakes") and Christopher Greater Area Rural Health Planning Corporation ("Christopher"); and (iii) limiting and shortening notice of this motion. In support of the motion, the Trustee respectfully states as follows:

---

[1] Unless otherwise indicated, references to statutory sections are intended as references to sections of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

{7198 MOT A0374522.DOC}

## BACKGROUND

1. On July 27, 2009 ("Petition Date"), IFC Credit Corporation ("Debtor") filed a voluntary petition for relief in the United States Bankruptcy Court for the Northern District of Illinois under chapter 7 of the Bankruptcy Code.

2. On that same day, the Office of the United States Trustee appointed the Trustee as the interim chapter 7 trustee for the Debtor's estate ("Estate"). The Trustee has since become the permanent Trustee of the Estate. In accordance with his duties under § 704(1), the Trustee has continued to liquidate the assets of the Estate, as is compatible with the best interests of its creditors.

3. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

A. **The Great Lakes Leases**

4. Prior to the Petition Date, the Debtor and Great Lakes entered into a Master Equipment Lease Agreement (the "Master Lease") dated May 31, 2008, pursuant to which the Debtor agreed to lease certain heavy construction equipment to Great Lakes, as lessee. In connection with the Master Lease, the Debtor and Great Lakes entered into a series of equipment schedules, including, in relevant part: Equipment Schedule No. 02, dated as of November 18, 2008 (together with the Master Lease, "Lease No. 2"); Equipment Schedule No. 03, dated as of November 18, 2008 (together with the Master Lease, "Lease No. 3"); Equipment Schedule No. 04, dated as of November 18, 2008 (together with the Master Lease, "Lease No. 4"); Equipment Schedule No. 05, dated as of November 18, 2008 (together with the Master Lease, "Lease No. 5") (collectively, Lease Nos. 2 through 5 are referred to herein as the "Leases" and the equipment leased pursuant to the Leases is referred to as the "Equipment");

5. Pursuant to the terms of the Leases, Great Lakes agreed, upon termination, to either purchase the Equipment or return the Equipment to the Debtor to be sold to a third party. Great Lakes further agreed to make certain deficiency payments to the Debtor in the event that the third-party sale value of the Equipment at lease termination fell below a certain agreed amount.

B. **The Trustee's Liquidation of the Equipment**

6. In accordance with the terms of the Leases, using commercially reasonable efforts and with First Bank's consent, the Trustee's staff sold the Equipment through Nassau Asset Management on or around September 21, 2012.

7. The Trustee is currently holding $935,057.97 in proceeds from the sale of the Equipment (the "Sale Proceeds") in a segregated account under Great Lakes's name (the "Great Lakes Account").

8. The only Lease which the Estate has an economic interest is Lease No. 4, pursuant to which Great Lakes leased two Caterpillar tractors (the "Schedule 4 Equipment") from the Debtor. Approximately $248,776.19 of the Sale Proceeds is attributable to Lease No. 4 (the "Schedule 4 Proceeds"). The sale of the Schedule 4 Equipment also resulted in a deficiency of $59,933.80 due from Great Lakes to the Estate under Lease No. 4 (the "Schedule 4 Deficiency").

9. Great Lakes is currently holding the Schedule 4 Deficiency and additional deficiency amounts due under the other Leases, collectively totaling $272,806.00 (the "Outstanding Balance").

C. **The Master Receivable Agreement with First Bank and the Adversary Proceeding**

10. Prior to the Petition Date, the Debtor and First Bank entered into that certain Master Lease Receivable Sales Agreement dated May 31, 2008 (the "Master Receivable Agreement"), and accompanying Lease Receivable Sales Supplements corresponding to each of the Leases, pursuant to which the Debtor sold and assigned to First Bank the right to certain payments (the "Purchased Rents") due under the Leases.

11. On January 9, 2013, First Bank commenced an adversary proceeding in the Bankruptcy Court against the Trustee, the Federal Deposit Insurance Corporation as receiver for George Washington Savings Bank (the "FDIC-R"), First Merit Bank, N.A., Christopher and Great Lakes styled *First Bank and Trust v. David P. Leibowitz, et al.*, Case No. 13-00031 (the "Adversary Proceeding"). In the Adversary Proceeding, First Bank seeks, in relevant part, declaratory and injunctive relief relating to its interest in the Leases and, in particular, the disposition of the Sale Proceeds and any deficiency amounts due from Great Lakes pursuant to the Leases.

12. With respect to Lease No. 4, First Bank asserts in the Adversary Proceeding that its interest in the Schedule 4 Proceeds and Schedule 4 Deficiency has priority over the interest of the Trustee as a hypothetical lien creditor (the "Schedule 4 Claims").

13. In his answer and counterclaim filed in the Adversary Proceeding, the Trustee denies that First Bank is entitled to the relief requested as to the Schedule 4 Claims and requests that the Bankruptcy Court enter judgment in his favor declaring that the Estate's interest in the Schedule 4 Proceeds and Schedule 4 Deficiency is superior to that of First Bank, to the extent First Bank has any interest in the Schedule 4 Proceeds and/or Schedule 4 Deficiency.

**D.     The Settlement Agreement and the Great Lakes Release Agreement**

14.     The Trustee and First Bank both recognized that litigation between the parties would be time consuming and costly, and therefore, the parties began settlement negotiations. After months of good faith, arms'-length negotiations and mediation,[2] the Trustee and First Bank, with the assistance of counsel, ultimately reached agreement, subject to Court approval, to compromise, settle, and resolve the Schedule 4 Claims as set forth in the Settlement Agreement.

15.     In conjunction with the Settlement, Trustee, First Bank, Christopher and Great Lakes have separately entered into Great Lakes Release Agreement, subject Court approval, authorizing Great Lakes to pay First Bank the Outstanding Balance.

   *1.     The Settlement Agreement*

16.     The following is a summary of the salient terms of the Settlement Agreement:[3]

- Settlement Payment. The Trustee shall pay to First Bank the sum of $117,574.44 from the Schedule 4 Proceeds (the "Settlement Payment") no later than five (5) business days after the Approval Date in full settlement of the Schedule 4 Claims. For the avoidance of doubt, the Trustee shall be entitled to retain the remainder of the Schedule 4 Proceeds, or $131,201.75. In addition, First Bank shall be entitled to collect and retain the full amount of the Schedule 4 Deficiency from Great Lakes pursuant to the terms of the Great Lakes Release Agreement.

- Disposition of Property Pursuant to Section 725. No later than five (5) business days after the Approval Date, the Trustee shall turn over to First Bank, pursuant to §725, all Sale Proceeds attributable to Lease Nos. 2, 3 and 5 that are held in the Great Lakes Account as of the Approval Date, totaling $686,281.78. First Bank shall distribute those portions of the Sale Proceeds to the FDIC-R and Christopher in accordance with the terms of the settlement agreements between: (a) First Bank and the FDIC-R and (b) First Bank and Christopher. The Parties further agree that First Bank will provide the FDIC-R

---

[2] The FDIC-R also participated in the mediation.

[3] This motion merely summarizes the terms of the extensive and detailed Agreements. The Agreements themselves control the terms of the settlement reached by the parties. Capitalized terms used but not otherwise defined in this summary shall have the meaning ascribed to them in the Settlement Agreement or Great Lakes Release Agreement, respectively.

{7198 MOT A0374522.DOC}                         5

and Christopher, through their respective attorneys, with notice of the terms of the Settlement Agreement.

- Dismissal of Adversary Proceeding. Within seven (7) days after the later of the date that: (i) First Bank receives the Settlement Payment and the remainder of the Sale Proceeds, pursuant to the preceding paragraph, or (ii) First Bank receives the Outstanding Balance from Great Lakes, pursuant to the Great Lakes Release, First Bank shall file with the Bankruptcy Court a stipulation of dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), dismissing the Adversary Proceeding with prejudice and with each of the parties to bear its own costs and attorney's fees (the date on which First Bank files the notice of dismissal, the "Dismissal Date").

- Mutual Releases/Covenant Not To Sue. Except for claims to enforce the Settlement Agreement, effective on the Dismissal Date, the Settlement Agreement provides for mutual releases between the Trustee and the Estate, on the one hand, and First Bank, on the other hand arising out of or relating to the Proof of Claim or the allegations in the Adversary Proceeding, whether or not actually asserted therein. The releasing parties also covenant not to sue any of the released parties on account of any released claims.

- Withdrawal of Proof of Claim. The Proof of Claim, and any other proofs of claim filed by First Bank in the Bankruptcy Case, will be withdrawn with prejudice. First Bank shall not be entitled to any distributions from the Estate other than as set forth in the Settlement Agreement.

2. *The Great Lakes Release Agreement*

17. The following is a summary of the salient terms of the Great Lakes Release Agreement:[4]

- Satisfaction of the Outstanding Balance. Subject to Court approval, within 7 days of the execution of the Great Lakes Release Agreement, Great Lakes shall pay First Bank the Outstanding Balance.

- Termination of the Equipment Lease. Great Lakes, the Trustee and Christopher agree that the Leases are terminated upon the payment of the Outstanding Balance to First Bank, and neither the Trustee, the Debtor, First Bank nor Christopher has any further or additional rights under the Leases.

---

[4] This motion merely summarizes the terms of the extensive and detailed Settlement Agreement. The Settlement Agreement itself controls the terms of the settlement reached by the parties. Capitalized terms used but not otherwise defined in this summary shall have the meaning ascribed to them in the Settlement Agreement.

- Release of Great Lakes. Except for claims to enforce the Great Lakes Release Agreement, the Trustee, First Bank and Christopher release and discharge Great Lakes from any and all claims arising out of the Leases.

## RELIEF REQUESTED

18. By this Motion, the Trustee seeks entry of the Settlement Order authorizing the Trustee to enter into and take all actions contemplated by the Settlement Agreement and the Great Lakes Release Agreement (collectively, the "Agreements") pursuant to §§ 363(b) and 725 and Fed. R. Bankr. P. 9019(a). The Trustee has concluded that the Agreements, which were the result of extensive arms'-length negotiations conducted in good faith, is fair in all respects and represents a favorable resolution in a manner that is in the best interests of the Estate.

## BASIS FOR RELIEF

### A.  Use of Property Outside the Ordinary Course of Business

19. Section 363(b) of the Bankruptcy Code provides that the debtor "may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). The settlement of claims involves the use of estate property outside the ordinary course of business and requires court approval under § 363(b). *In re Resource Technology Corp.*, 356 B.R. 435, 444 (Bankr. N.D. Ill. 2007); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 551 (Bankr. N.D. Ill. 1994) ("The settlement of a cause of action held by the estate is plainly the equivalent of a sale of that claim."). Fed. R. Bankr. P. 9019(a) authorizes the court, after a hearing on such notice as the court directs, to approve a compromise or a settlement. Fed. R. Bankr. P. 9019(a).

20. The use, sale, or lease of property of the estate, other than in the ordinary course of business, is authorized when "the transaction makes good business sense" and "preserves the priorities among creditors." *See, e.g., United Retired Pilots Benefits Protection Assn. v. United Airlines, Inc. (In re UAL Corp.)*, 443 F.3d 565, 572 (7th Cir. 2006) ("the criteria for approval

[under § 363(b)(1) is] whether the transaction makes good business sense and does not disturb creditors' rights"); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (sale under § 363 involves exercise of fiduciary duty and requires an "articulated business justification").

**B.     The Standards for Approval of Settlements Under Fed. R. Bankr. P. 9019(a)**

21.     The central issue in approving a bankruptcy settlement is whether the settlement is in the "best interests of the estate." *In re Energy Co-op., Inc.*, 886 F.2d 921, 927-29 (7th Cir. 1989); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987). In order to make that determination, a court must compare "the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). Among the factors that the Court should consider in its analysis are (i) the litigation's probability of success, (ii) the litigation's complexity, (iii) the litigation's attendant expense, inconvenience and delay (including the possibility that disapproving the settlement will cause wasting of assets). *See, e.g., In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d at 426; *In re Energy Co-op., Inc.*, 886 F.2d at 927.

**C.     The Delivery to First Bank of the Sale Proceeds for Lease Nos. 2, 3 and 5 Should Be Authorized Pursuant to Section 725**

22.     Section 725 provides, in relevant part, that "the trustee, after notice and a hearing, shall dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title." 11 U.S.C. § 725. The purpose of § 725 is to give the Court appropriate authority to insure that collateral or its proceeds are returned to the appropriate secured creditor. *See* H.R. Rep. No. 95-595, at 382. Courts have interpreted § 725 to provide for the Trustee to abandon property that is encumbered by secured interest that are in excess of a debtor's interest in the property. *See generally In re Williams*, 9 B.R. 228 (Bankr. D. Kan. 1981) (prior to abandoning property of the estate to debtors, trustee was

required to dispose of fully encumbered property of estate to those parties-in-interest possessing valid liens and debtors had no interest whatsoever in encumbered property).

23.   In this case, the Trustee should be authorized to turn over the Sale Proceeds attributable to Lease Nos. 2, 3 and 5 to First Bank because Estate has no interest in the proceeds from Lease Nos. 2 and 3 and the secured interests in Lease No. 5 exceed the value of the Estate's interest in that property. FDIC-R and Christopher have no objection to the Trustee's transfer of the Sale Proceeds attributable to Lease Nos. 2, 3 and 5 to First Bank pursuant to the terms of their respective settlement agreements. Accordingly, the Trustee respectfully requests that the Court approve the Trustee's proposed return of the Sale Proceeds attributable to Lease Nos. 2, 3 and 5 in connection with the Agreements.

**D.    The Proposed Use of Property of the Estate in Connection with the Agreements is an Exercise of the Trustee's Sound Business Judgment and Should Be Authorized Pursuant to § 363 and Fed. R. Bankr. P. 9019**

24.   After extensive negotiations, the Trustee submits that the proposed compromise with First Bank constitutes the best opportunity under existing circumstances to reasonably resolve the dispute regarding the validity, extent and priority of the First Bank's interest in and to Lease, the Sale Proceeds and the Outstanding Balance. Under the Settlement Agreement, the Estate will ultimately receive $131,201 of Schedule 4 Sale Proceeds or about 42% of total recovery on account of Lease No. 4. The Great Lakes Release will also provide for the distribution of the Outstanding Balance to the entities that have an interest in those proceeds. The Court's approval of both Agreements is necessary for the parties' compromise.

25.   The Agreements achieve a complete resolution of the Adversary Proceeding and all disputes regarding the Leases that, if litigated, would require time-consuming and expensive legal proceedings, exposing the Estate to significant litigation costs and the possibility of an

{7198 MOT A0374522.DOC}                                9

adverse judgment. The expense and delay associate with any litigation would also distract the Trustee from the efficient administration and liquidation of the Estate's remaining assets. Moreover, the settlement will allow the Trustee to dispose of Sale Proceeds that are not property of the estate or are otherwise fully encumbered.

26.  The Trustee believes that the proposed Agreements are in the best interests of the Estate and its creditors. In particular, the Agreements fall within the reasonable range of litigation possibilities and the Court should approve the Agreements pursuant to Fed. R. Bankr. P. 9019(a).

### NOTICE

27.  The Trustee has provided notice of the hearing on this motion to the Office of the United States Trustee and to those parties that requested notice in this case. The Trustee has worked diligently to prepare and file this motion in time for the hearing to occur at the May 22, 2014 omnibus hearing. The next omnibus hearing will not take place until June 2013. In order to have this motion heard on May 22, 2014, and thus expeditiously approve and implement the Settlement Agreement, the Trustee has filed this motion on 13 days' notice. The Trustee submits that no party in interest will be prejudiced by shortening the notice period by 8 days. Moreover, the cost of sending notice to all of the Debtor's creditors and other parties that might be entitled to notice under Fed. R. Bankr. P. 2002(a)(3) would be prohibitive. Given the active creditor body in this bankruptcy case, the Trustee requests that the Court find, pursuant to Fed. R. Bankr. P. 2002(a)(3), 9006(c) and 9007, that cause exists to shorten and limit notice to that already given.

**WHEREFORE**, the Trustee requests that the Court enter the Approval Order: (a) approving the proposed compromise and the terms of the Settlement Agreement and the Great Lakes Release Agreement; (b) finding that the shortened notice of the motion and related

hearing thereon was sufficient and that any further notice be waived pursuant to Fed. R. Bankr. P. 2002(a)(3), 9006(c) and 9007; and (c) providing such other relief as may be appropriate under the circumstances.

                        Respectfully submitted,

                        David P. Leibowitz, as chapter 7 trustee to the estate of IFC Credit Corporation

Dated: May 9, 2013                By:  /s/ Allen J. Guon
                                                        One of his attorneys

Ira Bodenstein (3126857)
Allen Guon (6244526)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
P: (312) 541-0151

{7198 MOT A0374522.DOC}                11