IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| IFC CREDIT CORPORATION | Case No. 09 B 27094 |
| Debtor. | Hon. Jacqueline P. Cox |

## NOTICE OF MOTION

**To:**   See attached Service List.

**PLEASE TAKE NOTICE** that on **Wednesday, January 14, 2015, at 9:30 a.m.,** we will appear before the Honorable Jacqueline P. Cox or such other Judge as may be presiding in that Judge's stead, in Courtroom 680, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present this, our **Chapter 7 Trustee's Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for (I) an Order (A) Approving Bidding Procedures for the Sale of Real Estate; and (B) Approving the form of Real Estate Contract; and (c) Scheduling a Final Sale Hearing and Approving the Form and Manner of Notice Thereof; (II) an Order Authorizing the Sale of the Real Estate; (III) Shortening Notice; and (IV) Waiving 14 Day Stay of Sale**, a copy of which is attached hereto and served upon you herewith.

                                                  **DAVID P. LEIBOWITZ, CHAPTER 7 TRUSTEE FOR THE ESTATE OF IFC CREDIT CORPORATION**

                                                  By:  */s/ Jonathan T. Brand*
                                                          Counsel for Chapter 7 Trustee

Jonathan T. Brand (ARDC #6294885)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100

**CERTIFICATE OF SERVICE**

   On January 9, 2015, the undersigned certifies that on this date, she caused a copy of the above document to be served upon each person shown on the within Notice, by United States Mail, with postage prepaid, at Waukegan, Illinois.  Those marked with an * were served via CM/ECF, the Court's electronic notification system.

                     _/s/ Aquanda Thomas_
                     Paralegal

- **Janice A Alwin**   Janice@oakpointpartners.com, jake@oakpointpartners.com
- **Deborah S Ashen**   dsa@ashenlaw.com
- **Thomas V Askounis**   taskounis@askounisdarcy.com, jburt@askounisdarcy.com
- **Terence G Banich**   tbanich@shawfishman.com, kbobb@shawfishman.com
- **Elizabeth Banda Calvo**   ebcalvo@pbfcm.com
- **Paige E Barr**   paige.barr@kattenlaw.com
- **William J Barrett**   william.barrett@bfkn.com
- **Jason J Ben**   jben@kayescholer.com
- **Richard M Bendix**   rbendix@dykema.com
- **Carly Berard**   cberard@rockfuscollc.com
- **Mark A Berkoff**   mberkoff@ngelaw.com, cdennis@ngelaw.com
- **Corey S Berman**   cwcsb1@sbcglobal.net
- **Ira Bodenstein**   ibodenstein@shawfishman.com, cowens@shawfishman.com
- **Jonathan T Brand**   jbrand@lakelaw.com, ECF@lakelaw.com
- **Robert S Bressler**   rbressler@foley.com
- **Francis X Buckley**   fxbuckleyjr@thompsoncoburn.com, aversis@thompsoncoburn.com
- **Ben T Caughey**   ben.caughey@icemiller.com
- **Robert M Charles**   rmc@lcojlaw.com
- **Christine L Childers**   docketing@jenner.com
- **Robert Clark**   rclark@douglas.co.us
- **Daniel Collins**   dcollins@dresslerpeters.com
- **Michael R Collins**   Michael.collins@collinsandcollins.com
- **Mark D Conzelmann**   chicagodocket@tresslerllp.com
- **James Coston**   Jcoston@costonlaw.com
- **Alex Darcy**   adarcy@askounisdarcy.com
- **Carrie E Davenport**   cdavenport@shawfishman.com, kbobb@shawfishman.com
- **Maria A Diakoumakis**   mdiakoumakis@dykema.com, DocketCH@dykema.com
- **John P Dillman**   houston_bankruptcy@publicans.com
- **Sara H Doran**   sara.doran@troutmansanders.com
- **William J Dorsey**   william.dorsey@kattenlaw.com, ecfdocket@kattenlaw.com

- **David R Doyle**    ddoyle@shawfishman.com
- **Barbara J Dutton**    duttonlaw@aol.com, ecfdesk@duttonlaw.com
- **David Escamilla**
- **Nancy G Everett**    ECF_Bank@winston.com
- **William J Factor**    wfactor@wfactorlaw.com, wfactorlaw@gmail.com nb@wfactorlaw.com
- **Marc Ira Fenton**    mfenton@statmanharris.com
- **Brett S Field**    brett@strombergstock.com
- **Jeffrey W Finke**    jwfinke@mindspring.com
- **Susan R Fuertes**    bnkatty@aldine.k12.tx.us
- **Jeffrey D Ganz**    jganz@riemerlaw.com, saguado@riemerlaw.com
- **Matthew T. Gensburg**    gensburgm@gtlaw.com, ChiBkyDocket@gtlaw.com; greenbergc@gtlaw.com sullivanka@gtlaw.com
- **Douglas C Giese**    dgiese@querrey.com, dcgiese@hotmail.com
- **Adam B Goodman**    adam@thegoodmanlawoffices.com
- **Emily S Gottlieb**    emily_gottlieb@gardencitygroup.com, PACERTeam@gardencitygroup.com; ifcteam@gcginc.com
- **Gordon E Gouveia**    ggouveia@shawfishman.com; mwestbrook@shawfishman.com
- **Nicholas A Gowen**    gowen@sw.com; central@sw.com;
- **Daniel T Graham**    dgraham@clarkhill.com
- **Allen J Guon**    aguon@shawfishman.com; cowens@shawfishman.com
- **John W Guzzardo**    jguzzardo@shawfishman.com; mcarter@shawfishman.com
- **John M Holowach**    jholowach@jmhlegalgroup.com, bankruptcy@rjlegalgroup.com
- **Stephanie K Hor-Chen**    ecfdocket@vedderprice.com
- **John N Hourihane**    jhourihane@mhlitigation.com, jbyczek@mhlitigation.com
- **Cindy M Johnson**    cjohnson@jnlegal.net, KLindsey@jnlegal.net
- **Lisa D Johnson**    ljohnson740@gmail.com
- **Georgia L Joyce**    gjoyce@cmn-law.com
- **Robert M Knabe**
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov
- **Vincent E Lazar**    vlazar@jenner.com
- **David P Leibowitz**    dleibowitz@lakelaw.com, czuniga@lakelaw.com, jstoer@lakelaw.com, ECF@lakelaw.com
- **David P Leibowitz**    dleibowitz@lakelaw.com, ECF@lakelaw.com
- **Mark E Leipold**    mleipold@gouldratner.com
- **Mitchell Lieberman**    mliebermann@noonanandlieberman.com, ccocanig@noonanandlieberman.com
- **Inez M Markovich**    imarkovich@andersonkill.com

- **Gini S Marziani** gsmarziani@davismcgrath.com, mjoseph@davidmcgrath.com
- **Kelly J McClintic** kmcclintic@keatingshure.com smcclintic@keatingshure.com
- **Jenny R McGovern** jmcgovern@mcdonaldhopkins.com,
- **Michael C Moody** mmoody@orourkeandmoody.com morourke@orourkeandmoody.com
- **Lauren N Nachinson** Lauren.Nachinson@quarles.com, Faye.Feinstein@quarles.com, sara.sullivan@quarles.com, mburr@quarles.com
- **Bradley P Nelson** nelson@sw.com, central@sw.com, callahan@sw.com,
- **Karen Newbury** knewbury@schiffhardin.com, edocket@schiffhardin.com, rkaferly@schiffhardin.com
- **David J Novotny** dnovotny@cmn-law.com
- **Stephen D Oppenheim** SDOPPENH@travelers.com
- **Michael J O'Rourke** morouke@oroukeandmoody.com, firm@oroukeandmoody.com
- **Gregory E Ostfeld** ostfeldg@gtlaw.com
- **Ann E Pille** apille@reedsmith.com
- **Deirdre M Richards** drichards@lammrubenstone.com
- **Terri A Roberts** pcaocvbk@pcao.pima.gov
- **John L Ropiequet** jlropiequet@arnstein.com
- **Jeffrey B Rose** jrose@tishlerandwald.com, bmurzanski@tishlerandwald.com
- **George Rosenberg** grosenberg@co.arapahoe.co.us
- **Diane W Sanders** Austinbankruptcy@publicans.com
- **Kevin H Schneider** kschneider@ngelaw.com
- **John P Sieger** john.sieger@kattenlaw.com
- **Ernest D Simon** esimon@erniesimon.com
- **James L Simon** jsimon@lakelaw.com
- **Michael J Small** msmall@foley.com
- **James B Sowka** jsowka@seyfarth.com
- **Mark Stromberg** mark@strombergstock.com
- **Jerry L Switzer** jswitzer@polsinelli@.com
- **Pia N Thompson** bburns@gouldratner.com
- **L. Judson Todhunter** JTodhunter@howardandhoward.com
- **Timothy Touhy** ttouhy@touhylaw.com, pkilby@touhylaw.com, srobinson@touhylaw.com, asanchez@touhylaw.com
- **Jessica Tovrov** Jessica@tovrovlaw.com
- **John J Turner** jturner@lovjc.com
- **David P Vallas** dvallas@polsinelli.com
- **Bruce L Wald** bwald@tishlerwald.com
- **Tyler Mertes** tyler.mertes@troutmansanders.com,

- **Collin B Williams**  audrey.minglin@troutmansanders.com
  scavom@gtlaw.com,
  ChiBkyDocket@gtlaw.com
- **Thomas C Wilford**  twolford@ngelaw.com
- **Charles R Woolley**  rwoolley@askounisdarcy.com
- **David O Yuen**  jborcia@tresslerllp.com,
  tresslerdocket@tresslerllp.com
- **Carrie A Zuniga**  czuniga@lakelaw.com
- **Bruce E de'Medici**  bdemedici@gmail.com
- **Howard Teplinsky**  hteplinsky@beermannlaw.com
- **George J Spathis**  gspathis@hmblaw.com
- **Jeffrey Snell**  Jeffrey.Snell@usdoj.gov
- **Andrew Dylan Wood**  dylan@rwblaw.net
- **Barbara Lee Caldwell**  Bcaldwell@cpwlawyers.com
- **Marc J Zucker**  mzucker@weirpartners.com
- **Susan Verbonitz**  sverbonitz@weirpartners.com
- **Thomas C Wolford**  twolford@ngelaw.com
- **Mark A Berkoff**  mberkoff@ngelaw.com
- **Holly N Hawn**  Hhawn@broward.org
- **Mike Olson**  jcardillo@pascotaxes.com
- **James Novy**  jnovy@rockfuscoconnelly.com
- **William McCormick**  bill.mccormick@ag.tn.gov
- **Daniel T Powers**  tcharrel@chathamcounty.org
- **Eboney Cobb**  ecobb@pbfcm.com
- **David Mazzuchelli**  mazzucheld@dor.state.ma.us
- **Hamlin Wade**  hwade@rbcwb.com
- **John Collen**  jcollen@salawus.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| IFC CREDIT CORPORATION | Case No. 09 B 27094 |
| | Hon. Jacqueline P. Cox |
| Debtor. | |

**CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 FOR AN ORDER (I) (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF REAL PROPERTY; (B) APPROVING THE FORM OF REAL ESTATE CONTRACT; AND (C) SCHEDULING A FINAL SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (II) AN ORDER AUTHORIZING THE SALE OF CERTAIN REAL ESTATE, (III) SHORTENING NOTICE AND (IV) WAIVING 14 DAY STAY OF SALE**

David P. Leibowitz ("**Trustee**"), not individually but as the chapter 7 trustee of the bankruptcy estate ("**Estate**") of IFC Credit Corporation ("**IFC**" or "**Debtor**"), pursuant to 11 U.S.C. §§ 105 and 363, and Rules 2002 and 6004 the Federal Rules of Bankruptcy Procedure, hereby respectfully requests that this Honorable Court enter: (1) an order (A) approving bidding procedures and bid protections for the sale of certain real property located in Harvard, Illinois ("**Property**"); (B) approving the form of real estate contract to be used by the the auctioneer in connection with the proposed auction; and (C) (1) scheduling a final sale hearing and approving the form and manner of notice thereof; and (2) an order authorizing the sale of the Property free and clear of liens, claims, interests, and encumbrances and (3) waiver of fourteen (14) day stay of such sale imposed by Federal Rule of Bankruptcy procedure 6004(h).[1]  In support thereof, the Trustee states the following:

---

[1] All chapter, section and rule references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Code"), and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037 ("Bankruptcy Rules").

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N)and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3. By Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination.

**FACTUAL AND PROCEDURAL BACKGROUND**

4. The Debtor filed a voluntary petition for relief under chapter 7 of the Code on July 27, 2009.

5. The United States Trustee appointed David P. Leibowitz as Chapter 7 Trustee of the bankruptcy estate.

6. On June 26, 2014, the Court approved a settlement between the Trustee and Paul Fritz ("**Fritz**"), Peter Greco, Telecommunications Contractors of America, Inc. d/b/a TCOA, Inc. and P.J. Acts Ltd. (Docket No. 1547).

7. Therein, Fritz agreed to convey ten (10) acres of unimproved real estate in Harvard, Illinois ("**Property**") to the Debtor's bankruptcy estate.

8. Fritz conveyed the Real Property to the Debtor's bankruptcy estate on October 2, 2014.

9. On December 10, 2014, the Court authorized the employment of Rick Levin as the Auctioneer for the Property. (Docket No. 1646).

10. The Trustee now seeks authorization to conduct an auction-sale according to the "Prospective Sales Procedures" set forth below.

## RELIEF REQUESTED

11. By this Motion, the Trustee seeks entry of an order (i) approving the form real estate contract for the sale of the Property, (ii) approving certain bidding and auction procedures, (iii) setting a final hearing to approve the sale of the Property, (iv) approving the sale of the Property to the highest and best bidder free and clear of all liens, claims and encumbrances; and (v) waiving any stay imposed by Fed. R. Bankr. P. 6004(h).

### Real Estate Contract

12. Trustee seeks entry of an order approving the form real estate contract that any and all prospective bidders or purchasers will be required to use in order to purchase the Property via the proposed auction and bidding procedures provided below. A true a correct copy of the proposed real estate contract ("**Real Estate Contract**") is attached hereto as **Exhibit A**.

### Bidding Procedures and Sale Hearing

13. Trustee by this motion also seeks entry of an order pursuant to sections 105 and 363 of the Bankruptcy Code approving the procedures for soliciting and accepting bids for the sale of the Purchased Assets and ("**Bidding Procedures**"). Those Bidding Procedures are outline in the attached Terms of Sale for Purchasing Properties at Auction ("**Terms of Sale**") produced by the Auctioneer and attached hereto as **Exhibit B**:

- **Qualified Bid**. A proposal ("**Bid**") received from a potential purchaser ("**Potential Purchaser**") in the form of the Real Estate Contract is a "**Qualified Bid**" if it is:

    (a) received by the Bid Deadline (as defined below);

    (b) on terms accompanied by a proposed purchase and sale agreement setting forth the complete terms and provisions pursuant to which the bidder agrees to be bound in order to consummate the sale without further contingency other than the entry of an order of the Bankruptcy Court approving the sale,

    (c) in cash and not subject to any contingencies, due diligence or financing conditions or board or other approval,

8

    (d)    accompanied by a certified or bank check, payable to the Trustee, as Escrowee, a good faith deposit of not less than ten (10%) percent of the initial bid amount;

    (e)    fully discloses the identity of each entity that will be bidding for the Property or otherwise participating in connection with such bid, and the complete terms of any such participation, and

    (f)    in an amount of at least $25,000.00.

- **Auction Procedure**. The Auctioneer shall conduct an online auction between February 10, 2015 (prevailing Central Time) and 11:00 a.m., February 19, 2015 (the "**Auction Period**") at www.ricklevin.com (the "**Auction**"). Only Qualified Bidders who have timely submitted Qualified Bids during the Auction Period shall be entitled to make bids at the Auction. No Bids shall be considered by the Auctioneer or Trustee from a Potential Purchaser unless such Potential Purchaser has submitted a Qualified Bid.

- **Bid Deadline**. A Potential Bidder that desires to make a Qualified Bid must deliver copies of its offer 11:00 a.m. prevailing Central Time on February 19, 2014. If there is activity in the last three (3) minutes of the Auction, then the Auctioneer shall have the authorization to extend the Auction for incremental, additional three (3) minute periods of time until such time as, in the discretion of the Auctioneer, the bidding activity decreases.

- **Bids Irrevocable**. All bids made by a Potential Bidder shall be irrevocable unless and until after the Trustee closes on the sale of the Property to the Successful Bidder

- **Opening Bid**. During the Auction, all Qualified Bidders who have submitted a Qualified Bid will have the opportunity to submit additional higher or better Qualified Bids, so long as such additional or higher bids are submitted during the Auction Period. Any additional bids at the Auction shall be in an increment of any amount and shall otherwise comply with the requirements set forth herein and otherwise described as the Terms of Sale.

- **Successful Bidder**. At the conclusion of the Auction, the Trustee shall identify the highest and best Bid (the "**Successful Bid**") and the Qualified Bidder making such Bid (the "**Successful Bidder**"). The Successful Bidder will be notified at the conclusion of the Auction and shall be required to deliver an Earnest Money Cashier's Check in the amount of ten percent (10%) of its Successful Bid on or before 12:00 p.m. on February 23, 2015 per the terms of the Real Estate Contract ("Required Deposit"). The Trustee shall promptly seek confirmation that such Qualified Bidder is the Successful Bidder and that such proposal is the Successful Bid at Sale Approval Hearing to be held before the Bankruptcy Court on or about February 24, 2015.

9

- **Return of Deposit**.  No deposits received by the Trustee in connection with the Auction will be returned because the only deposit the Trustee will receive will be the Required Deposit of the Successful Bidder.  If the Successful Bidder fails to close, for any reason other than the Trustee's default or those conditions specifically set forth in the Real Estate Contract, the Trustee shall be entitled to retain the Required Deposit as liquidated damages.

- **No representations or Warranties.**  The Purchased Assets shall be purchased on an "as is, where is" basis, with no representations or warranties (express or implied) of any kind or nature whatsoever, other than those representations and warranties set forth in the Real Estate Contract.

- **Closing.** The closing shall take place at the offices of the Chicago Title & Trust Company's address set forth below after the Sale Order (as defined below) becomes a Final Order (which shall be required to occur on or before March 10, 2015) unless otherwise agreed to by the Trustee and the Successful Bidder.

- **Sale Subject to Court Approval.** The sale contemplated herein shall be subject to the entry of an order by this Court (i) approving the sale and transfer of the Property to the winning bidder or Successful Bidder approved by the Court, free and clear of any and all liens, claims, and encumbrances of any kind or nature whatsoever, with any and all valid liens, claims and encumbrances attaching to the sales proceeds at closing; (ii) containing a finding that the purchaser is a good faith purchaser pursuant to Section 363(m) (the "**Sale Order**"); and (iii) containing any additional items required pursuant to the terms of the Real Estate Contract.

**Approval of Sale Hearing**

By this Motion, the Trustee request that the Court set a hearing on Tuesday, February 24, 2015 at 10:00 a.m. (prevailing Central Time) at which time the Trustee will seek entry of an Order, which among other things, authorizing and approving the sale of the Property to the Successful Bidder as determined by the Trustee in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Successful Bid.

**Notice of Sale (Marketing Advertisement)**

The Trustee further seeks approval of **Exhibit C** attached hereto and made a part hereof as the form of the type of advertisement (the "**Advertisement**") the Auctioneer would like to publish to advertise the Auction. The Trustee proposes to authorize the Auctioneer publish the

10

Advertisement in the Chicago Tribune and Wall Street Journal at various times throughout the month of January and February 2015. This Advertisement and the proposed publication is appropriate under the circumstances.

## BASIS FOR RELIEF REQUESTED

**The Trustee Should be Authorized to Sell the Property Pursuant to Section 363(b) of the Bankruptcy Code.**

14. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

15. Rule 6004 of the Federal Rules of Bankruptcy Procedure sets forth a variety of notice and other requirements for the use, sale, or lease of property of the estate. Trustee believes that the proposed sale of the Purchased Assets in all respects with Rule 6004. Trustee notes that the proposed sale is effectively a public auction as that term is used in FED. R. BANKR. P. 6004(f)(1), given that it is not a "private sale."

16. In accordance with FED. R. BANKR. P. 6004(f)(1), upon completion of the sale and consummation of the sale transaction, Trustee will file a Notice of Sale.

17. Based on the foregoing, the Trustee submits that the sale of the Estate's right, title and interest in the Property on the terms and conditions set forth in this Motion is a prudent exercise of his business judgment under the circumstances of this case and is in the best interests of all creditors and other parties in interest. Trustee, in the exercise of his business judgment, likewise believes that the proposed Bid Procedures are reasonable, appropriate and necessary to ensure the highest and best value is received for the Property, and that the approval of the Bid Procedures will be in the best interests of all creditors and parties in interest.

**The Trustee Should Be Authorized To Sell The Property Free And Clear Of Liens, Claims And Encumbrances Pursuant To Section 363(f) Of The Bankruptcy Code**

18. The Property may be sold free and clear of all liens claims and encumbrances. Section 363(f) of the Bankruptcy Code provides the following:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if --
>
> (i) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (ii) such entity consents;
>
> (iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (iv) such interest is in bona fide dispute; or
>
> (v) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

19. Therefore, pursuant to section 363(f), the Trustee may sell the Property free and clear of all liens, claims and encumbrances. Accordingly, the Trustee requests that the Property, be transferred free and clear of all liens, claims and encumbrances with such liens, claims and encumbrances to attach to the proceeds of the Sale.

**The Bid Procedures Guarantee that the Successful Bidder Represents A Good Faith Purchaser Pursuant to Section 363(m) Of The Bankruptcy Code**
.

20. Section 363(m) of the Bankruptcy Code provides the following:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to

> an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). While the Bankruptcy Court does not define "good faith," the Seventh Circuit in *In the Matter of Andy Frain Services, Inc.*, 798 F.2d 1113 (7th Cir. 1986) held that:

> The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

798 F.2d at 1125 (emphasis omitted)(quoting *In re Rock Industries Machinery Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978). The Trustee submits, and will present evidence at the Sale Hearing, that as set forth above, the Real Estate Contract has been negotiated at arm's-length transaction, and that the Successful Bidder complied at all times with the proposed Bid Procedures, and otherwise at all times acted in good faith. The Trustee, therefore, request that the Court make a finding that the Successful Bidder has purchased the Property in good faith within the meaning of section 363(m) of the Bankruptcy Code. Further, the Trustee submits that any asset purchase agreement reached as a result of the Sale Procedures will be an arm's-length, intensely negotiated transaction entitled to the protections of section 363(m) of the Bankruptcy Code and will present evidence of the same at the Sale Hearing.

### **WAIVER OF STAY**

21. Because a delay in approving the sale of the Property to the Successful Bidder only decreases the value of the assets and increases the Trustee's administrative claims, the Trustee

respectfully requests the Court waive the 14 day stay and that the order approving the sale of the Property be effective immediately.

## NOTICE

22.    The Trustee seeks to shorten the twenty-one (21) day time period pursuant to FED. R. BANKR. P. 2002(a)(2). The Trustee is in the process of attempting to move this case towards conclusion, and given those efforts, such a request is reasonable.

23.    Notice of this motion was provided to: (a) the Office of the United States Trustee for this District; (b) Rick Levin & Associates, Inc.; and (c) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure via electronic mail per a prior order of this Court, which includes counsel for Fritz. Since electronic service is sufficient in the above captioned case, *see* Docket No. 426 entered on December 8, 2009, the Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given. *See* Fed. R. Bankr. P. 2014(a).

**WHEREFORE**, David P. Leibowitz, not individually, but solely as the chapter 7 trustee of the bankruptcy estate of IFC Credit Corporation, respectfully requests that this Honorable Court enter an order (i) approving the form of Real Estate Contract to be used at auction; (ii) approving bid procedures; (iii) scheduling (A) bid deadline, (B) auction sale and (C) hearing to approve sale; (iv) authorizing the Trustee to sell assets free and clear of all liens claims and encumbrances pursuant to sections 363(b) and (f) of the Bankruptcy Code; (v) authorizing the trustee to assume and assign executory contracts and leases; (vi) shortening notice; (vii) waving the 14 day stay

under Federal Rule of Bankruptcy Procedure 6004(h); and (viii) grant such other and further relief as equitable and just.

| | |
|---|---|
| Date: January 9, 2015. | **DAVID P. LEIBOWITZ, CHAPTER 7 TRUSTEE FOR THE ESTATE OF IFC CREDIT CORPORATION** |
| | By: */s/ Jonathan T. Brand* <br> Counsel for Chapter 7 Trustee |

Jonathan T. Brand (ARDC #6294885)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100