UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   09-27094 |
| IFC CREDIT CORPORATION | ) | |
| | ) | Chapter:  7 |
| | ) | Honorable Jacqueline Cox |
| | ) | |
| Debtor(s) | ) | |

**ORDER SUSTAINING CHAPTER 7 TRUSTEE'S SIXTH OMNIBUS OBJECTION CERTAIN**
**(I) AMENDED AND SUPERSEDED CLAIMS, AND**
**(II) MISCLASSIFIED CLAIMS**

Upon consideration of the Sixth Omnibus Objection of David P. Leibowitz ("Trustee"), the chapter 7 trustee of IFC Credit Corporation, Augusta Mill Acquisition, LLC, Augusta Real Estate Owner, LLC, First Portland Corporation, FP Holdings, Inc., FPC Leasing, LLC, IFC Capital Funding III, LLC, IFC Capital Funding VII, LLC, and Pioneer Capital Corporation of Texas (collectively, the "Debtors"), pursuant to section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure ("Objection"), and the Court, having reviewed and considered the Objection, finds that the Objection is well taken; that the Court has jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334; and that consideration of the Objection and the requested relief is a core proceeding that the Court may determine pursuant to 28 U.S.C. §157 (b); and that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and that due and proper notice of the Objection has been given under the particular circumstances, all parties in interest have been afforded an opportunity to be heard, and no other or further notice need be provided; and that the relief requested therein is in the best interests of the debtors, their estates, and other parties in interest; and that cause exists to sustain the Objection; and upon all of the proceedings had before the Court; after due deliberation thereon; and good and sufficient cause appearing therefore,

IT IS HEREBY ORDERED:

1. The Objection shall be sustained as provided herein.

2. With the exception of Claim Nos. 368 and 1039, the claims listed as the "Claim(s) to be Disallowed & Expunged" on Exhibit A attached to the Objection and are hereby disallowed in their entirety and expunged pursuant to 11 U.S.C. §502 and Federal Rule of Bankruptcy Procedure 3007. Claim 1118 of Boone County, Missouri, as opposed to Claim 1039, by agreement, shall be disallowed and expunged in its entirety. Claim Nos. 368 and 1682 of the Massachusetts Department of Revenue shall both be allowed as priority unsecured claims.

3. The claims listed as "Surviving Claims" on Exhibit A attached to the Objection replace the claims disallowed and expunged in the preceding paragraph, and otherwise remain: (a) a claim against the Debtors' estate; and (b) subject to any and all objections that the Trustee may have with regard to such Surviving Claims.

4. The Misclassified Claims listed on Exhibit B attached hereto are hereby reclassified as set forth in Exhibit B attached hereto under the heading "Modified Amount."

5. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Enter:

Dated: March 31, 2015

/s/ Jacqueline Cox
United States Bankruptcy Judge

**Prepared by:**
Jonathan T. Brand (ARDC # 6294885)
Lakelaw
53 W. Jackson Boulevard, Suite 1610
Chicago, IL 60604
Phone: 312.360.1505
Facsimile: 312.360.1502