**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| IFC CREDIT CORPORATION, | ) | Case No. 09-27094 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

## ASKOUNIS & DARCY, PC'S OBJECTION TO TRUSTEE'S FINAL REPORT

Now Comes Creditor Askounis & Darcy, PC, by and through counsel, and for its Objection to the Trustee's Final Report (Docket No. 1717), states as follows:

1. On July 27, 2009 (the "Petition Date"), IFC Credit Corporation (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

2. January 8, 2010, the Chapter 7 Trustee commenced an adversary proceeding against Askounis & Darcy, PC, which was assigned Adv. Proc. No. 10-00045, and wherein the Chapter 7 Trustee sought to avoid and recover transfers pursuant to 11 U.S.C. §§547 and 550.

3. On September 29, 2010, this Court entered an Order approving the compromise between the Chapter 7 Trustee and Askounis & Darcy, PC set forth in the Settlement Agreement attached to the Order as Exhibit A. See Order attached hereto as Exhibit 1.

4. Pursuant to Paragraph 4 of the Settlement Agreement approved on September 29, 2010, Askounis & Darcy, PC was authorized by the Court to file a proof of claim arising under 11 U.S.C. §502(h) as a result of the settlement with the Chapter 7 Trustee.

5. On October 29, 2010, Askounis & Darcy, PC filed its Proof of Claim pursuant to 11 U.S.C. §502(h) in the amount of $10,000.00 (Claim No. 1067).

6. In the Trustee's Final Report, the Chapter 7 Trustee proposes to make no distribution on Askounis & Darcy, PC's §502(h) claim in the amount of $10,000.00, because the

claim was not filed on or before March 1, 2010 and is therefore deemed tardy. See Trustee's Final Report, Exhibit C, Page No. 181.

7. Askounis & Darcy, PC objects to the treatment of its Section 502(h) claim in the amount of $10,000.00 because this Court's September 29, 2010 Order specifically authorized Askounis & Darcy, PC to file the claim as agreed by the parties to the Settlement Agreement, and because Askounis & Darcy, PC could not reasonably be expected to file its claim until after settlement of the adversary case.

Dated: December 11, 2015								Respectfully submitted,

/s/Alex Darcy
Thomas V. Askounis (#00077720)
Alex Darcy (#06220515)
ASKOUNIS & DARCY, PC
444 North Michigan Avenue
Suite 3270
Chicago, IL 60611
(312) 784-2400 Telephone
(312) 784-2410 Facsimile
taskounis@askounisdarcy.com
adarcy@askounisdarcy.com

# EXHIBIT 1

Case 09-27094 Doc 234 Filed 09/29/11/05 Entered 09/30/11/05 08:25:58 Desc Main Document Page 4 of 10

10-00045:20.2:Motion to Compromise or Settlement per Rule 9019:Proposed Order Entered: 8/23/2010 4:42:56 PM by:Marylynne Schwartz Page 1 of 2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>IFC CREDIT CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 09-27094<br><br>Hon. Jacqueline P. Cox |
| DAVID P. LEIBOWITZ, the Chapter 7 Trustee of The Estate of IFC Credit Corporation,<br><br>Plaintiff,<br>v.<br><br>ASKOUNIS & DARCY, PC,<br><br>Defendant. | Adv. No. 10-00045 |

## ORDER APPROVING COMPROMISE WITH ASKOUNIS & DARCY, PC

Upon consideration of the motion (the "Motion") of David P. Leibowitz, chapter 7 trustee (the "Trustee") to the estate of IFC Credit Corporation (the "Debtor"), pursuant to 11 U.S.C. §§ 363(b) and FED. R. BANKR. P. 2002(a)(3), 9007 and 9019(a), requesting the entry of an order approving the proposed settlement with Askounis & Darcy, PC ("Defendant"); the Court having jurisdiction over the subject matter and the parties to the Motion; no objection to the Motion having been made; and the Court being fully advised in the premises; **it is ORDERED that**:

1. The Motion is granted.

2. Notice of the Motion as provided for therein is sufficient and further notice is waived pursuant to FED. R. BANKR. P. 2002(a)(3) and 9007.

3. The terms of the compromise as set forth in the Settlement Agreement attached as Exhibit A to the Motion are approved pursuant to 11 U.S.C. § 363(b) and FED. R. BANKR. P. 2002 and 9019.

{7198 ORD A0267125.DOC}

Case 09-02045 Doc 234 Filed 09/29/10 Entered 09/30/10 08:55:38 Desc Main
Document    Page 5 of 10

10-00045:20.2:Motion to Compromise or Settlement per Rule 9019:Proposed Order Entered: 8/23/2010 4:42:56 PM by:Marylynne Schwartz Page 2 of 2

4. The Debtor is authorized to enter into the Settlement Agreement and to perform all of the obligations set forth therein.

Dated: 9-29-10

ENTER:

J.Cox  *Jacqueline P. Cox*
**Bankruptcy Judge**

*Prepared by:*

Allen J. Guon (#6244526)
Marylynne Schwartz (#6297576)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, Illinois 60654
Telephone: (312) 541-0151
Facsimile: (312) 980-3888
E-mail: mschwartz@shawgussis.com

{7198 ORD A0267125.DOC}

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **In re:**<br><br>IFC CREDIT CORPORATION,<br><br>Debtor. | **Chapter 7**<br><br>**Case No. 09-27094**<br><br>**Hon. Jacqueline P. Cox** |
| DAVID P. LEIBOWITZ, the Chapter 7 Trustee of The Estate of IFC Credit Corporation,<br><br>Plaintiff,<br>v.<br><br>ASKOUNIS & DARCY, PC,<br><br>Defendant. | **Adv. No. 10-00045** |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into by and between David P. Leibowitz, the chapter 7 trustee ("Trustee") for the estate of IFC Credit Corporation (the "Debtor") and Askounis & Darcy, PC ("A & D").

## RECITALS

WHEREAS, on July 27, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief in the United States Bankruptcy Court for the Northern District of Illinois (the "Court") under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on July 27, 2009, the Office of the United States Trustee appointed Trustee as the chapter 7 trustee for the Debtor's estate (the "Estate");

WHEREAS, within the 90-day period prior to the Petition Date (the "Preference Period"), the Debtor transferred to A & D a total of $20,000 (the "Transfers");

WHEREAS, the Trustee commenced an adversary proceeding against A & D, which was assigned Adv. Pro. No. 10-00045 (the "Adversary Proceeding"), and wherein the Trustee seeks, among other things, to avoid and recover the Transfers pursuant to 11 U.S.C. §§ 547 and 550;

WHEREAS, A & D represents that it received $20,000.00 of total transfers during the Preference Period, and the parties acknowledge that the Trustee has relied upon this representation when entering into this Agreement;

WHEREAS, A & D alleged certain defenses, including ordinary course of business, to the Trustee's claims to avoid and recover the Transfers;

WHEREAS, the Trustee and A & D desire to avoid the uncertainties and expense of litigation and to settle and compromise on the terms set forth below any and all claims that the Trustee has or may have against A & D relating to the Transfers and the Adversary Proceeding and that A & D has or may have against the Debtor without admitting liability therefor;

WHEREAS, the Trustee and A & D have selected or have had the opportunity to consult with counsel of their respective choice in connection with the matters related to the Demand and this Agreement; and

WHEREAS, each of the parties to this Agreement agrees to bear its own costs and expenses, including attorneys' fees, arising out of the matters related to this Agreement.

NOW THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee and A & D hereby agree as follows:

1. **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Agreement.

2. **Settlement of the Adversary Proceeding**. A & D agrees to pay the sum of TEN THOUSAND DOLLARS ($10,000.00) (the "Settlement Sum") to "**David P. Leibowitz, chapter 7 trustee to IFC Credit Corporation**" and to mail the Settlement Sum to 53 W. Jackson Boulevard, Suite 1337, Chicago, IL 60604, Attn: David P. Leibowitz, within fourteen (14) days of the entry of the order approving the terms of this Settlement Agreement..

3. **Waiver and Release of Claims by the Trustee**. Upon payment and honor of the Settlement Sum, the Trustee fully and forever releases and waives any and all claims, whether known or unknown, which the Trustee has or may have against A & D relating to the Transfers and the Adversary Proceeding, with the sole exception of the obligations set forth in this Agreement.

4. **Waiver and Release of Claims by A & D**. A & D, on behalf of any of its predecessors, successors, and assigns fully and forever releases and waives any and all claims, whether known or unknown, which A & D has or may have against the Trustee and/or the Debtor, with the exception of any filed proofs of claim or any claim arising under 11 U.S.C. 502(h), provided that such § 502(h) claim is filed within thirty (30) days after the entry of the order approving this Agreement, and with respect to the obligations set forth in this Agreement.

5. **Dismissal of the Adversary Proceeding**. After payment and honor of the Settlement Sum, the Trustee shall cause the Adversary Proceeding to be dismissed with prejudice and without costs.

6. **Survival of Agreement**. All of the terms and conditions of this Agreement as well as any rights and benefits inuring to the benefit of the Trustee shall survive the dismissal of the Adversary Proceeding as specified in paragraph 5 and shall not be merged therein.

7. **Amendment of Agreement**. This Agreement may be amended only by a writing signed by all of the parties hereto or their successors in interest.

8. **Jurisdiction**. The parties agree that this Agreement shall be construed and governed by the applicable federal law and/or under the laws of the State of Illinois and the Court shall have jurisdiction over this Agreement and the parties.

9. **Binding Effect**. This Agreement shall be valid and binding on the parties and their respective successors and assigns.

10. **Entire Agreement**. This Agreement constitutes the entire agreement of the parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or understandings, oral or written, contrary, different or which in any way restrict this Agreement. The undersigned further acknowledge that all prior agreements, communications, and understandings within the scope of the subject matter of this Agreement are, upon execution of this Agreement, superseded, null and void.

11. **Counterparts**. This Agreement may be executed by facsimile and in one or more counterparts, each counterpart to be considered an original portion of this Agreement and which, when fully executed, shall constitute a single original.

12. **Segregation**. In the event that any one or more provisions contained in this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

IN WITNESS WHEREOF, the parties hereto, each by persons duly authorized, have caused the Agreement to be executed on the dates indicated below, effective July ___, 2010.

| | |
|---|---|
| David P. Leibowitz, chapter 7 trustee for the Estate of IFC Credit Corporation | Askounis & Darcy, PC |
| By:_____<br>One of its attorneys | By: /s/ Alex Darcy<br>One of its Attorneys |
| Marylynne Schwartz<br>Shaw Gussis Fishman Glantz<br>  Wolfson & Towbin LLC<br>321 N. Clark Street, Suite 800<br>Chicago, Illinois 60654<br>Telephone: (312) 980-3805<br>Facsimile: (312) 252-4907<br>E-mail: mschwartz@shawgussis.com<br>*Counsel to the Trustee* | Alex Darcy<br>Askounis & Darcy, PC<br>401 N. Michigan Ave., Ste. 500<br>Chicago, IL 60611<br>Telephone: (312) 784-2400<br>Facsimile: (312) 784-2410<br>E-mail: adarcy@askounisdarcy.com<br>*Counsel to Askounis & Darcy, PC* |