# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 7 Case |
| **IFC CREDIT CORPORATION** ) | |
| ) | Case No. 09 B 27094 |
| ) | |
| ) | Hon. Jacqueline P. Cox |
| **Debtor** ) | |

## TRUSTEE'S APPLICATION FOR FINAL COMPENSATION AND EXPENSES

DAVID P. LEIBOWITZ, Trustee herein, pursuant to 11 U.S.C. § § 326 and 330, and requests $857,931.61 as final compensation, $745,000.00 of which has previously been paid, for current compensation requested in the amount of $112,931.61, and $6,178.06 as final reimbursement of expenses, $5,748.74 of which has previously been paid for a balance of $429.32 currently requested. The time expended in this case by the Trustee has a lodestar value substantially in excess of $750,000. (This includes all time to date). Moreover, the lodestar value is not necessary to be considered since the Trustee's fee is considered a commission. In support of the Trustee's final fee application, Trustee directs the Court's attention to detailed time entries in prior fee applications as well as additional material set forth in the narrative herein. In further support of this Application, Trustee states as follows:

### I. VENUE & JURISDICTION

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3. By Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination.

## II. FACTUAL AND PROCEDURAL BACKGROUND

4. The Debtor, formerly one of the top 100 equipment leasing companies in the United States, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Office of the United States Trustee appointed David P. Leibowitz as Chapter 7 Trustee for the Debtor's estate on July 27, 2009 (the "Petition Date" or "Date of Appointment").

5. On December 1, 2009, the Trustee held the Debtor's 341 meeting. An election took place at the 341 meeting and a report of a disputed election was filed by the U.S. Trustee's Office for the Northern District of Illinois (the "U.S. Trustee's Report"). (Docket No. 423.) The U.S. Trustee's Report did not result in Court resolution and the request for an election was withdrawn by the parties that sought the election. Therefore, the Trustee is the permanent trustee in this case.

6. Trustee's activities during the prior periods are well documented in the Trustee's prior Interim Reports.

7. During the period since the Trustee's most recent application for interim compensation, Trustee has acquired and liquidated real estate in Harvard, Illinois, settled difficult tax claims presented by Vigo County, Indiana, resolved all pending sales tax, property tax and income tax claims, resolved a nettlesome and difficult claim made by the Trustee of the estate of Norvergence against this bankruptcy estate, cooperated with authorities in connection with ongoing investigations and record retention matters, organized and reconciled records regarding proofs of claim managed by Garden City Group with those maintained by the Clerk of the Bankruptcy Court, organized and reconciled records maintained electronically by and through

Trustee's software services provider – a difficult task for a case as complex as this. The Trustee also resolved and settled a long-outstanding claim of the Illinois Department of Revenue.

8. Trustee has calculated final compensation in this matter as follows:

Total Disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $27,822,720.26. Pursuant to 11 U.S.C. §326, compensation should be computed as follows:

| | | |
|---|---:|---|
| 25% of first 5,000 | $1,250.00 | ($1250.00 max.) |
| 10% of next 45,000 | $4,500.00 | ($4500.00 max.) |
| 5% of next 950,000 | $47,500.00 | ($47,500.00 max.) |
| 3% of balance | $804,681.61 | |

| | |
|---|---:|
| TOTAL COMPENSATION ALLOWABLE | $857,931.61 |
| COMPENSATION NOW REQUESTED | $112,931.61 |

(Note, the difference between compensation now requested and total compensation allowable has previously been allowed and paid as interim Trustee Compensation

II. TRUSTEE'S EXPENSES

| | |
|---|---:|
| COPIES (Copies of POCs, TFR and NFR) | $168.20 |
| POSTAGE (Postage to Mail Distribution Checks) | $261.12 |
| TOTAL EXPENSES | $429.32 |

9. Trustee's request is fully supported by the lodestar theory and the *Johnson* factors to the extent that such rationale informs the Court's analysis.

10. Full documentation of the Trustee's services has been regularly reported to the Court in Trustee's First through Fifth Interim Reports (Docket 471, 771. 841, 1159 and 1264) as well as prior fee applications and in numerous monthly omnibus status hearings before the Court.

## IV. TRUSTEE'S INTERIM FEE REQUEST IS REASONABLE AND JUSTIFIED BY THE *JOHNSON FACTORS* AND LODESTAR ANALYSIS

11. The Court is requested to and called upon to award an interim fee to the Trustee which is both "reasonable" but subject to a limitation. The specific text of the Bankruptcy Code is as follows:

> Bankruptcy Code section 330(a) (1), 11 USC §330(a) (1)
>
> **(1)** After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, * * *
>
> > **(A)** reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> >
> > **(B)** reimbursement for actual, necessary expenses.

### A. Time and Labor Required

12. Since this case was commenced over three years ago, Trustee has expended time valued at historical rates substantially in excess of $750,000. Summaries of the efforts found in prior applications together with details in prior interim fee applications, more than supports the compensation requested herein.

### B. Lodestar Analysis

13. Trustee omits a full-fledged Lodestar Analysis. It can be prepared or can be provided again, should the court require it.

*The reasonableness of the compensation requested*

14. Trustee recognizes that some Courts treat trustees as a "professional" for the purposes of compensation. The applicable provisions of Section 330 of the Bankruptcy Code have been quoted hereinabove. The value of professional services cannot be precisely determined by the application of a formula to a set of facts; the Court should consider the "ensemble" of services provided. *Matter of Continental Illinois Securities Litigation,* 962 F2d 566, 572 (7th Cir. 1992).

15. Based on the extent, nature and value of the services rendered, the cost of comparable services in non-bankruptcy cases, the time spent on such services, the risk of non-payment, the delay in payment and the results achieved, the compensation requested by Trustee is fair and reasonable and its allowance and payment in full is just and proper.

16. The Trustee does not, and cannot, owing to the "cap" provisions of Bankruptcy Code § 326, seek any premium for the risk and delay in payment even though this case has been highly contingent. Moreover, this case has taxed the resources of the Trustee who has been required to maintain a substantial bank line of credit at considerable expense to support operations while this case has been pending.

17. Trustee seeks maximum compensation as a commission as well as owing to the time and value of his services. The Trustee administered over $25 million in assets over substantial opposition and facing enormous difficulties, including appellate practice challenging his administration of the estate in the Seventh Circuit Court of Appeals. Trustee believes that the

results in the estate have been outstanding and hopes that the Court will concur with this evaluation.

18. As a result, Trustee has disposed of stub assets including leases which were too burdensome for administration by the Trustee's lease team. Trustee also disposed of real estate which came into the estate by reason of the Fritz settlement. Trustee resolved troublesome tax issues and residual claims issues during the present period. Trustee evaluated claims and objected to unsecured claims to the extent he deemed advisable given the level of participation of unsecured creditors in distributions from the estate.

## V.     COSTS AND EXPENSES FOR WHICH REIMBURSEMENT IS REQUESTED

19. Trustee has incurred or expects to incur expenses in the aggregate amount of $429.32 for which compensation is requested since the last interim application for reimbursement of expenses.

20. Pursuant to 11 U.S.C. §504(b), the undersigned certifies under penalty of perjury that no agreement or understanding exists between the undersigned and any other person for sharing of compensation prohibited by the Bankruptcy Code. No payments have previously been made or promised in any capacity in connection with the above case.

**WHEREFORE**, for the foregoing reasons, David P. Leibowitz, chapter 7 trustee for the estate of IFC Credit Corporation, respectfully requests that this Court grant final compensation and reimbursement of expenses as requested and for such other and further relief as may be just.

Dated:     March 28, 2016                     /s/David P. Leibowitz
                                              David P. Leibowitz, Trustee
                                              420 West Clayton St
                                              Waukegan, IL 60085