**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Case No.** |
| **IFC CREDIT CORPORATION,** | ) | |
| | ) | **Honorable Jacqueline P. Cox** |
| | ) | |
| **Debtor** | ) | **Chapter 7** |
| | ) | |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**

| | |
|---|---|
| Name of Applicant: | Lakelaw |
| Authorized to Provide Professional Services to: | David P. Leibowitz, Trustee for the estate of IFC CREDIT CORPORATION |
| Date of Order Authorizing Employment: | August 19, 2009 |
| Period for Which Compensation is sought: | December 1, 2014 – October 1, 2015 |
| Amount of Fees sought: | $75,936.50 |
| Amount of Expense Reimbursement sought: | $619.23 |
| This is an: | Interim Application _____ Final Application   X   |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:

Date:   March 28, 2016         By:   /s/David P. Leibowitz
                                              Applicant

# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09 B 27094 |
| IFC CREDIT CORPORATION, | ) | |
| | ) | Honorable Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Chapter 7 |

## APPLICATION OF THE LAW OFFICES OF DAVID P. LEIBOWITZ LLC d/b/a LAKELAW, AS COUNSEL TO CHAPTER 7 TRUSTEE, FOR FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

The Law Offices of David P. Leibowitz LLC d/b/a Lakelaw ("Lakelaw"), attorneys for David P. Leibowitz, the Chapter 7 Trustee for the estate of IFC Credit Corporation ("Debtor"), hereby respectfully submits its eighth and final application for allowance of compensation in the amount of $75,936.50 for compensation for 155.48 hours of professional services rendered as counsel to the Chapter 7 Trustee for the period beginning December 1, 2014 through and including October 1, 2015 ("Application Period"), and reimbursement of $619.23 for actual costs incurred incident to those services. By this application, Lakelaw also requests that this Court allow all previously granted interim compensation in its First through Seventh Applications for Interim Compensation as Final Compensation. Lakelaw's services were beneficial to the bankruptcy Estate and are compensable pursuant to 11 U.S.C. §§ 330(a) and 331, Rules 2002(a)(6), (i), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1. In support of this Application, the Trustee states as follows:

## I.     JURISDICTION & VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II. FACTUAL AND PROCEDURAL BACKGROUND

2. On July 27, 2009 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Trustee was appointed that day. No trustee was elected at the first meeting of creditors and thus David Leibowitz is the permanent Trustee in this Case.

3. After his appointment, the Trustee applied to this Court for an order approving the retention of Lakelaw as his counsel. On August 19, 2009, this Court approved the retention of Lakelaw retroactive to July 27, 2009 to assist the Trustee in the administration of the estate's assets.

4. Throughout this case, Lakelaw has submitted a number of interim fee applications. Lakelaw's last application was filed on December 5, 2014. See Dkt. No. 1645.

## III. GENERAL STATUS OF CASE

5. During the Application Period, Lakelaw oversaw the general administration of the Debtor's estate and completed all litigation and claims administration.

6. The Trustee has completed his reviewing and concluded his objections to claims during the Application Period.

7. Also during the Application Period, the Trustee, with Lakelaw's assistance, was successful in selling certain real property located in Harvard, Illinois, resolving all income, sales tax and property tax issues, resolving substantial claims against the estate by the Trustee of the Norvergence bankruptcy estate, and addressing records retention issues with government authorities engaged in ongoing investigations, as well as all administrative matters involved in closing this estate of significant magnitude.

## IV. NATURE OF SERVICES PROVIDED BY LAKELAW

8. Throughout the Application Period, Lakelaw rendered in excess of 129 hours of legal and paraprofessional services to the Trustee having an aggregate value of $75,936.50. Lakelaw has provided professional services to the Trustee with respect to the general administration of IFC's estate. All of the services for which compensation is requested were services that, in Lakelaw's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

9. The detailed time records attached to this fee application set forth in adequate summary the nature and extent of the services rendered by Lakelaw assisting the Trustee in carrying out his duties.

10. Lakelaw has taken every effort to assure that the services it performed for the Trustee were handled by qualified persons at the lowest hourly rate possible, consistent with the skill-set required for a particular task.

11. In compliance with Local Bankruptcy Rule 5082-1, Lakelaw has classified its services into six (6) separate categories: (a) asset disposition; (b) business operations; (c) case administration; (d) claims administration and objections; (e) fee/employment applications; and (f) tax issues.

12. The following is a general description of the tasks performed in each of Lakelaw's principal categories of activity:

- **Asset Disposition** (Fees: $16,687.50 / Hours: 31.80) Services relating to the negotiation and sales of the Harvard Property and of the remnant assets remaining in the estate, including the drafting and presentation of the motions for approval of same, negotiation and drafting of the sales agreements, and conferences and correspondence with purchasers and creditors in connection therewith.

- **Business Operations:** (Fees: $3,690.00 / Hours: 8.60) Services pertaining to the organization and implementation of a plan for the orderly shut-down of authority to operate in various jurisdictions and the voluntary dissolution of corporations.

- **Case Administration:** (Fees: $13,137.50 / Hours: 28.00) Services pertaining to general case administration, including, among other things: participating in status conferences, meetings, telephone conferences, and other activities where multiple subject matters were discussed, analyzed, or otherwise acted upon; conferences with the government concerning documents and records retention issues; conferences with RNS Servicing regarding estate closing issues; drafting, filing, serving, and presenting various motions, pleadings, and orders related to the general administration of the Debtor's estate; reviewing and responding to third party requests for information or documents related to matters outside of the scope of the Trustee's duties and responsibilities; attending omnibus hearings; and maintaining detailed charts and files of all pending matters and case status items.

- **Claims Administration and Objections** (Fees: $13,959.00 / Hours: 34.48) Services pertaining to the evaluation of claims and objections thereto, including, among other things: filing omnibus objections; filing motions to resolve claim issues; and addressing issues related to prepetition claims and administrative claims and responding to creditor inquiries.

- **Fee/Employment Applications:** (Fees: $5,760.00 / Hours: 14.10) Services pertaining to the preparation and presentation of fee applications of the Trustee's professionals, as well as services in connection with the employment application for the Trustee's auctioneer.

- **Tax Issues:** (Fees: $22,702.50 / Hours: 38.50) Services pertaining to the analysis and advice regarding tax-related issues, including, among other things: analyzing sales tax, liability of taxing bodies and administrative claims; participating in conferences to discuss and determine tax compliance issues; and addressing income tax issues related to the estate.

## V. REQUESTED RELIEF

13. The Trustee requests that Lakelaw be allowed fees for work performed during the period of December 1, 2014 through October 1, 2015 in the amount of $75,936.50. Attached hereto as Exhibit A is a detailed itemization of the legal services performed.

14. The Trustee requests entry of an order authorizing and directing payment of the fees and expenses of Lakelaw in the total amount of $76,555.73 for legal services.

15. The Trustee also requests that all previous interim awards of compensation for services rendered and reimbursement of expenses incurred by Lakelaw be made final.

## VI. SUMMARY OF SERVICES RENDERED BY LAKELAW

14. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| NAME OF PROFESSIONAL PERSON | POSITION | HOURLY BILLING RATE | TOTAL BILLED HOURS | TOTAL COMPENSATION |
|---|---|---|---|---|
| BRAND, J. | MANAGING ATTORNEY | $425.00 | 46.80 | $19,890.00 |
| GREEN, L. | SENIOR COUNSEL | $450.00 | 11.70 | $5,265.00 |
| LEIBOWITZ, D. | MANAGING MEMBER | $650.00 | 70.90 | $46,085.00 |
| RUCHMAN, T. | ASSOCIATE | $250.00 | 0.70 | $175.00 |
| STORER, J. | ASSOCIATE | $325.00 | 0.40 | $150.00 |
| THOMAS, A. | PARALEGAL | $175.00 | 24.98 | $4,371.50 |
| **GRAND TOTAL:** | | | **155.48** | **$75,936.50** |

15. The hourly rates charged by Lakelaw in the course of its representation of the Trustee compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise. Further, the amount of time spent by Lakelaw with respect to representing the Trustee is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, and the ultimate benefit to the estate

16. Lakelaw has always conscientiously attempted to avoid having multiple attorneys appear or convene on behalf of the Trustee. In certain circumstances, however, it may have been necessary for more than one of Lakelaw's attorneys to appear in Court at the same time. When possible, Lakelaw attempts to have one attorney handle multiple matters on the Court's calendar. Similarly, on certain occasions, Lakelaw may have had more than one attorney attend a meeting

to strategize on issues that had particular import in this case. To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

17. The issues presented by IFC's case have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Lakelaw respectfully submits that the requested final compensation represents a fair and reasonable amount that should be allowed in full.

## VII.     EXPENSES INCURRED BY LAKELAW

18. The actual and necessary costs expended by Lakelaw during the Application Period are detailed below. The requested reimbursement amount for expenses incurred is $619.23. All of the expenses for which reimbursement is sought are expenses that Lakelaw customarily recoups from all of its clients.

19. All expenses incurred by Lakelaw were ordinary and necessary expenses. All expenses billed to the Trustee were billed in the same manner as Lakelaw bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

20. The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| U.S. First Class Mail Postage – Service of pleadings | $464.26 |
| Overnight delivery (Federal Express, UPS) | $146.82 |
| Padlock for Storage Unit in Glenview | $   8.15 |
| TOTAL: | $619.23 |

## VIII.   COMPLIANCE WITH 11 U.S.C. § 504

21.   Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Lakelaw and any other firm, person or entity for the sharing or division of any compensation paid or payable to Lakelaw.

## XI.   NOTICE

22.   Applicant has provided through the Clerk of Court and through the Final Report process 21 days' notice of this application to the Office of the United States Trustee, all creditors who have allowed claims in this case, and to parties who have previously requested notice of pleadings and proceedings herein.  Applicant suggests that no further notice is necessary and requests that the Court find that no other or further notice is required.

**WHEREFORE**, the Trustee respectfully requests entry of an order:

A)   Allowing Lakelaw compensation in the amount of $75,936.50 for professional services rendered on behalf of the Trustee during the period of December 1, 2014 through October 1, 2015;

B)   Allowing reimbursement of expenses incurred during the period of December 1, 2014 through October 1, 2015 in the amount of $619.23;

C)   Allowing all previous interim awards to Lakelaw of compensation and expense reimbursement as final;

D) Authorizing the Trustee to pay all allowed and unpaid compensation and expense reimbursement to Lakelaw;

E) Finding that due and adequate notice has been given; and

F) Granting such other and further relief as may be equitable in the circumstances.

Respectfully submitted,

**Law Offices of David P. Leibowitz, LLC**

By: */s/ David Leibowitz*
David Leibowitz
Managing Member

David P. Leibowitz (ARDC # 1612271)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100